BUTLER v. THE CHICAGO & NORTHWESTERN R'Y CO.

1. **Railroads**: COW KILLED ON TRACK: DEFECTIVE GATE: NEGLIGENCE: QUESTION FOR JURY. In an action to recover for a cow which escaped from a pasture, through a gate in defendant's fence, and got on the track, and was killed, *held* that the fact that the fastening of the gate was on the side toward the pasture was proper to be considered by the jury, with other evidence, in determining whether the gate was negligently constructed; but that the mere fact that the fastening was on that side would not warrant a verdict for plaintiff, unless there was evidence tending to show that the gate became open by reason of that fact.

2. **Instructions**: PROVINCE OF JURY: WEIGHING PROBABILITIES. It is the duty of the jury to determine, as best they can, which theory of the case is supported by the evidence, and not which is the more probable; and an instruction directing them to consider the probabilities of the case was properly refused.

*Appeal from Carroll Circuit Court.*

THURSDAY, MARCH 10.

ACTION to recover double the value of a cow killed by a train on the defendant's road. Trial by jury. Judgment for the plaintiff, and the defendant appeals.

*Hubbard, Clark & Dawley*, for appellant.

*F. M. Powers*, for appellee.

SEEVERS, J.—The railway was fenced, but there was a gate which constituted a part of the fence through which the cow escaped from a pasture. It is not claimed that the gate was defectively constructed, except in two particulars. The first is that it was so constructed as to be fastened on the side next to the pasture, and the second that the fastening provided was insufficient. The fastening consisted of an iron staple and latch, with a hook which passed through the staple. The amount in controversy being less than $100, we are only required to determine such questions as have been properly certified, and which have been insisted upon in argument by counsel.

I. We are asked whether the fact that the fastening was on the pasture side of the gate constitutes "any evidence warranting the jury to find for the plaintiff." This we understand to mean whether such fastening constitutes evidence tending to show that the gate was negligently constructed. We do not think that, as a matter of law, we can say that the fastening should have been on the gate next to the railway or pasture. We are of the opinion that this was a question for the jury. It is difficult to say, as a matter of law, that any fastening is or is not sufficient; and it is more difficult to affirm on which side of the gate it should be placed. This must depend upon the lay of the ground, the kind of gate, and possibly other circumstances. What would be proper in one case might not be in another. The fact, therefore, that the fastening was so placed was a proper matter to be considered by the jury, and whether it alone was sufficient to warrant the verdict, we are not called on in this connection to determine. The question asked must be answered in the affirmative.

*1. RAILROADS: cow killed on track: defective gate: negligence: question for jury.*

II. The defendant asked the court to instruct the jury as follows: "The mere fact that the fastening of the gate was on the side of the gate towards the cow is not evidence warranting you to find for the plaintiff." While the thought of this instruction may not be as clearly expressed as it should be, we think it means that, if there was no other evidence tending to show negligence, then the plaintiff could not recover. In other words, the thought of the instruction is that, if it be conceded that the placing of the fastening on the side of the gate next to the pasture is evidence tending to show negligence, this alone is not sufficient to entitle the plaintiff to recover. There was evidence tending to show that the plaintiff passed through the gate a comparatively short time prior to the escape of the cow from the pasture, and that he closed it; but whether he fastened it by putting the latch in place, and the hook in the

*THE SAME.*

staple, is doubtful. If he did, then how the gate was opened does not certainly appear. We understand the theory of the plaintiff to be that it was opened by the cow rubbing against the latch and hook. It may be conceded that, if the fastening was such that it could be opened by the cow, it was negligently constructed; but the defendant's theory is that the fastening was in every respect sufficient, and it had the right to have such theory, under proper instructions, submitted to the jury. The burden was on the plaintiff to show that the gate became open by reason of the defendant's fault. *John-son v. Chicago, R. I. & P. R'y Co.*, 55 Iowa, 707. The mere fact that the gate was defectively constructed, unless it became open by reason of such construction, is not sufficient to entitle the plaintiff to recover; and it was for the jury to say whether this was so or not. We therefore are of the opinion that the court erred in refusing the instruction asked, and that the third question propounded to us must be answered in the affirmative.

III. There was a special finding of the jury, and we are asked whether the court erred in refusing to enter judgment thereon, notwithstanding the general verdict. We are unable to see that there is any such inconsistency or conflict between the general and special verdicts as counsel for the appellant claim, and deem it sufficient to say that the court did not err in this respect, and therefore the fourth question asked must be answered in the negative.

IV. The defendant asked an instruction which contains the thought that, if it was "equally probable that the gate was left open by the plaintiff as was the other theory, then he could not recover." This instruction was correctly refused. We do not understand that it is the province of the court to direct the jury to consider what is or is not probable. It is the duty of the jury to determine as best they can which theory is supported by a preponderance of the evidence, and not which is probably true. Of course, if there is no preponderance,

<small>2. INSTRUC-TIONS: province of jury: weighing probabilities.</small>

the party on whom the burden rests must fail, but the jury must so find, and not that this is probably so. The fifth question must be answered in the negative.

For the error in refusing to give the instruction referred to in the third paragraph of this opinion, the judgment of the circuit court is

REVERSED.