No. 16,422.

NEILSON v. BOWLES.
(236 P. [2d] 286)

Decided September 24, 1951.

Messrs. DICKERSON, MORRISSEY & ZARLENGO, Mr. ED-
WARD E. NEVANS, JR., for plaintiff in error.

Messrs. TARBELL & TARBELL, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

WE will refer to the parties as they appeared in the trial court, where plaintiff in error was defendant, and defendant in error was plaintiff.

Plaintiff, in his amended complaint, alleged that on or about March 1, 1948 he entered into an oral agreement with the defendant, by the terms of which he agreed to work for defendant and use his machinery on his farm in Saguache county, Colorado from about April 1, 1948 until the crops of defendant were harvested; that as a consideration for said work and the use of said machinery and for plaintiff's supervision of said farming operations, until defendant's crop was harvested, defendant agreed to pay plaintiff $6,000. Plaintiff alleged a breach of the contract by defendant, and that he was compelled to discontinue work when it was very difficult to obtain other work, "to the damage of the plaintiff in the sum of $6,000, less the sum of $800 which defendant paid the plaintiff, and the sum of $920 which plaintiff was able to earn elsewhere between July 25, 1948 (when he claims the breach occurred) and November 1, 1948." Plaintiff prayed judgment for $4,280 with interest from November 1, 1948.

Defendant by his answer admitted an oral agreement for work to be done by the plaintiff from April 1, 1948 to the time when the crops of defendant were harvested; denied there was an agreement for $6,000; denied that plaintiff performed his part of the oral agreement until July 25, 1948; and denied all other allegations of the plaintiff's complaint. As a second defense, defendant alleged that the agreement was that he was to pay defendant $200 per month, and if plaintiff did the work required of him until after the crops were harvested he

would pay him a bonus to be agreed upon at that time. Defendant further alleged that plaintiff neglected his work, refused to carry out the orders of defendant, and on July 26, 1948, left his work and informed defendant "he was quitting and would move off the place"; that plaintiff did move and did no further work. Defendant also alleged that he had paid plaintiff $800, which was all that he agreed to pay under the oral agreement; he alleged full compliance on his part with said oral agreement, and prayed that the plaintiff's complaint be dismissed.

The issues thus presented were tried to a jury, and plaintiff was awarded $3,783.94.

Error is assigned on various grounds, but we need only note those specifications relating to instructions which were given.

Even from plaintiff's own testimony it cannot definitely be determined that the contract price was $6,000 as claimed by him. Plaintiff testified several times in almost identical words that when the terms of his employment were discussed, defendant asked him how much he made in 1947 and plaintiff replied, "I told him between $5,000 and $6,000, I hadn't sold my oats yet, when I sell them I could tell you," and he then added "when I sold them it came to $6,000." Plaintiff also testified that defendant said that "he would meet that and try to beat it, depending on the 1948 crop."

Error is predicated on the giving of Instructions Nos. 4, 5 and 6.

### Instruction No. 4

"You are instructed that in this case you may return any one of four verdicts in accordance with what you consider a preponderance of the evidence proves.

"Firstly, if you find as the plaintiff contends that the oral agreement of the parties was that the plaintiff, with his machinery, was, by the agreement, to farm defendant's land during the farming season of 1948, from about April 1st to the close of the harvest for a fixed price and

consideration of $6,000 and that he performed under such agreement until July 25, 1948, and that the defendant breached said agreement by discharging or asking plaintiff to leave, then your verdict should be for the plaintiff in the sum of $6,000, less the amount defendant has paid him and less the further amount it would have cost the plaintiff to continue performance to the end of the farming season of 1948. This should be computed by you and the balance due, with interest at 6% per annum computed thereon from the end of the farming season of 1948 added to it and returned as your verdict, for the plaintiff.

"Secondly, if you find the facts to be as above, except as to which of the parties breached or violated the agreement, and you find that the plaintiff himself left said farm and breached and abandoned the agreement, then the plaintiff can recover an amount which is that fraction of $6,000, which is the same as the fraction of the service and labor actually done by the plaintiff is of the whole amount to be done in the performance of the entire contract. And from such amount you will deduct any amount paid to plaintiff by the defendant as shown by the evidence and compute interest on the remaining balance at 6% per annum, adding such interest to such balance, and enter such sum as your verdict for the plaintiff.

"Thirdly, you are instructed that the defendant claims that the agreement was simply a contract of hiring the plaintiff and his machinery to work for the defendant during the farming season of 1948 from about April 1st until after crops were harvested at an agreed price if plaintiff remained throughout the season. But, according to defendant's claims, $200 per month out of said agreed amount was a bonus, to be paid at the end of the farming season if plaintiff remained and performed under the agreement. If you consider such claim established by a preponderance of the evidence and if you find that the defendant wrongfully discharged the plaintiff about July 25, 1948, and thereby breached the agreement, then your

verdict will be for the plaintiff in the sum agreed, less any amount the defendant may have paid the plaintiff and less also any amount plaintiff may have earned from other sources during said farming season of 1948. Upon such balance you will compute interest at 6% per annum since the date upon which defendant breached the agreement and caused plaintiff to leave the work and employment, and add such interest to such balance and return such balance and interest as your verdict for the plaintiff and against the defendant.

"Fourthly, Gentlemen, if you find that the agreement was simply a contract of hiring the plaintiff and his machinery by the defendant at a price agreed, $200 per month being a bonus to be paid only upon performance by plaintiff, and if you find that plaintiff himself violated and breached the agreement and abandoned it, then you will determine from the evidence and from your own knowledge and experience how many months remained of the season of 1948 after the time plaintiff commenced work under such agreement. Then you will divide the agreed price by the number of months of the season so remaining, and from the monthly pay rate so determined deduct $200 being the amount of the unearned bonus. The remainder you will multiply by the number of months and fractions of months plaintiff worked, and from the amount so earned deduct any amount defendant may have paid him as shown by the evidence and upon such balance, if any, compute interest at 6% per annum from the end of the said farming season, add such interest to such balance, if any, and return such sum as your verdict for plaintiff and against the defendant."

### Instruction No. 5

"You may out of the four alternatives return only one verdict. Such verdict should be on the one out of the four different theories and claims which a fair preponderance of the evidence indicates as the true, *or most probably* true one."

## Instruction No. 6

"In setting forth herein the four alternatives, the court does not attempt to emphasize or indicate a preference of any of them over the others. After all, you are the judges of the facts, and it is your duty to find that which is true, or most probably true, carefully considering and weighing the evidence and returning one verdict accordingly."

By the first subdivision of Instruction No. 4 the jury in effect was told that the earnings of plaintiff after a breach of the contract and within the contract term, were not deductible from the amount to be awarded to him; that plaintiff by his complaint admitted earning $920 during the contract period, and by his complaint gave credit therefor on the total demand presented.

It definitely appears, even from the complaint herein, that plaintiff conceded that defendant was entitled to a credit of $920 earned by plaintiff after he left the farm, and yet the trial court refused to so instruct the jury, except in subdivision 3 of Instruction No. 4.

Subdivision 2 of Instruction No. 4 was misleading in that it caused the jurors to believe that though they found that plaintiff had breached the contract, he was still entitled to that fraction of $6,000 which the fraction of the work he performed to the date of breach bore to the entire amount of work to be performed under the contract, *irrespective of the defendant's cost in having the contract completed,* and without regard to the question of whether or not plaintiff's failure to perform resulted in damage or loss to defendant.

The third subdivision of Instruction No. 4 did not include the necessary expenses plaintiff would have incurred to complete the contract had he been permitted to do so, *and the cost of completing the contract clearly was a deductible item* and should have been so stated in the instruction.

In the fourth subdivision of Instruction No. 4 the trial court used the words "an agreed amount" and "agreed sum" or "an agreed price." This was confusing and in

conflict with the other subdivisions of this Instruction. The court also allowed the jury to determine the remaining period of employment, not only from the evidence, but also from *"your own knowledge and experience."* Then follows the very involved mathematical formula for determining plaintiff's damages.

Perhaps no more involved and complex instructions could have been submitted than the foregoing, when we consider the clear-cut issues presented by the pleadings.

In Instructions Nos. 5 and 6 the court in effect limited the jury to return a verdict on one out of the four different theories and claims which a fair preponderance of the evidence indicated as the true, *or the most probably true one.* Then follows the meager Instruction No. 6-A: "If you do not find any amount for the plaintiff you will find for the defendant." The giving of this instruction did not remedy the prejudicial effect of Instructions Nos. 4, 5 and 6.

Instruction No. 4, combined with the fact that only one form of verdict (which was for the plaintiff) was submitted to the jury, was tantamount to a directed verdict for the plaintiff, and Instruction No. 6-A was of no force or effect so far as the deliberations of the jury were concerned.

■ The trial court should have properly instructed the jury, of its own motion, upon the correct measure of damages. *Northern Colo. Irr. Co. v. Reuter,* 67 Colo. 483, 186 P. 286; *Mustang Reservoir C. & L. Co. v. Hissman,* 49 Colo. 308, 112 P. 800, 64 C. J. (Trial) p. 624, §557.

■ This court may notice questions, not raised by the assignments of error, that appear on the face of the record, when such consideration is necessary to do justice. *Baker v. Denver Tramway Co.,* 72 Colo. 233, 210 P. 845; *Universal Indemnity Ins. Co. v. Tenery,* 96 Colo. 10, 39 P. (2d) 776.

It will be noted that Instructions Nos. 5 and 6 authorize the jury to determine the issues in favor of the plaintiff on any one of the four alternatives mentioned in

Instruction No. 4, and directed the jury to find that which is true, *or most probably true.*

Under Instructions Nos. 5 and 6 the jury was authorized to guess or speculate about the preponderance of the evidence, as each instruction contained the modifying phrase, "or most probably true."

In *Butler v. Chicago & N.W. Ry. Co.,* 71 Iowa, 206, 32 N.W. 262, the court said: "We do not understand that it is the province of the court to direct the jury to consider what is or is not probable. It is the duty of the jury to determine as best they can which theory is supported by a preponderance of the evidence, and not which is probably true."

In *Dunbar v. McGill,* 64 Mich. 676, 31 N.W. 578 the court stated the rule as follows: "The jury are not warranted in finding a fact established by a greater probability unless, also, the evidence satisfies them the fact exists." See, also, *Haskins v. Haskins,* 9 Gray (Mass.) 390.

A charge to the jury that, according to the weight of probability they were authorized to find a verdict, was disapproved in *Parker v. Johnson, Administrator,* 25 Ga. 576.

In *Warner v. Crandall,* 65 Ill. 195, it was held: "The jury should not have been left at liberty to speculate on probabilities, but should have been satisfied by the greater weight of evidence that Warner & Edwards, and not Edwards & Wood, were to pay for the work in question."

In the instant case the jury should not have been left at liberty to speculate on "what was most probably true."

It is impossible to determine from the verdict how much of the amount awarded is for principal and how much for interest. It will be noted that in subdivisions 1 and 4 of Instruction 4, the jury was instructed to award interest from the end of the farming season; in subdivision 3 interest was allowable from the date of breach;

and in subdivision 2 no date was mentioned from which to compute interest.

■ Defendant was entitled to have the case submitted to the jurors on instructions which did not tend to confuse them; which left nothing to inference; and which were plain, intelligible, free from obscurity, involvement and doubt as to their exact meaning. This, the trial court failed to do.

■ A correct instruction cannot cure the error in other contradictory, erroneous instructions. On appeal it will be considered that the jury assumed that all of the instructions were correct, "and that they felt at liberty to follow either the correct or incorrect instruction." 53 Am. Jur. (Trial) p. 442, §557.

In the instant case the trial court by its instructions gave undue prominence to plaintiff's claim, and on the motion for new trial the trial judge sought to explain this away by saying that defendant's contentions were stated in Instruction No. 1, which was a statement of the case as made by the pleadings.

In *Denver City Tramway Co. v. Doyle,* 63 Colo. 500, 167 P. 777, we said: "There is no question concerning the defendant's right to have the jury properly instructed in a concrete manner upon its theory of the case, whenever there is competent testimony to sustain that theory, if adopted."

\* \* \*

"There are numerous cases which hold that the defendant is entitled to such instructions, even though the law is, in a general way, covered by the changes [charges] given, unless the court can see that no prejudicial error resulted from such refusal.

\* \* \*

"The plaintiff offers no criticism to the holdings in the cases above cited, but contends that the substance of these instructions was covered by those given. So far as the defendant's phase of this question is concerned, the instructions given contain only abstract statements of

principles of law; they did not present to the jury in a concrete manner the defendant's theory of the case on this question. We fail to find in them anywhere a statement that if the jury finds the facts to exist as stated in these refused instructions, its verdict shall be for the defendant. Such instructions were given upon behalf of the plaintiff upon all of his theories of the case, calling attention that if it found so and so, its verdict should be for the plaintiff. Similar instructions, when offered, should have been given upon behalf of the defendant. The jury would then have had called to its attention its duty, in case is [it] found the facts as defendant claims, instead of being compelled to gather it from abstract propositions of law."

In the instant proceeding there was competent testimony to sustain defendant's theory of the case if adopted by the jury, and he was entitled to an instruction on his theory.

Because of errors, appearing in instructions numbered 4, 5 and 6, the judgment is reversed and the cause remanded with instructions to grant a new trial. This obviates the necessity of passing upon other errors specified by plaintiff in error.