No. 17,476.

RENA LAMBORN *v.* MARY C. ESHOM.
(287 P. [2d] 43)

Decided August 22, 1955.   Rehearing denied September 6, 1955.

Mr. ROBERT E. HOLLAND, for plaintiff in error.

Messrs. SHERMAN & GLASTON, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE ALTER delivered the opinion of the Court.

MARY C. ESHOM brought an action against Rena Lamborn seeking damages in the sum of $10,000.00 for unlawful eviction, $1500.00 for conversion of her personal property, $5000.00 exemplary damages, and execution against the body of the defendant. Upon trial to a jury it returned four separate verdicts, in the *first* of which it found in plaintiff's favor in the sum of $1500.00 for unlawful eviction; in the *second* $1500.00 for conversion; in the *third* $10.00 for exemplary damages, and in the *fourth* found defendant guilty of either malice, fraud or wilful deceit. The court overruled defendant's motion for new trial, entered judgments on the verdicts in the sum of $3010.00, and committed defendant to the county jail "for a period of not in excess of one year," granting a stay of execution, conditioning the same upon defendant furnishing bond guaranteeing the satisfaction of the

judgment. Defendant is here by writ of error seeking a reversal of the judgment.

We will refer to the parties by name or as plaintiff and defendant as those repective positions were taken by them in the trial court.

The complaint is in two "counts" in the first of which it is alleged that the defendant is the owner of premises in Lakewood, Colorado, which were rented to plaintiff on a month to month tenancy. While plaintiff was temporarily absent from the premises, defendant unlawfully entered the same, evicted plaintiff's minor children therefrom, and took possession of all of plaintiff's personal property, thereby depriving plaintiff of a home for herself and minor children, and depriving her of her personal belongings together with food and clothing for herself and children. Plaintiff further alleges that the unlawful eviction by defendant was attended by circumstances of malice or insult or a wanton and reckless disregard of plaintiff's rights and feelings. The second "count" incorporates by reference the allegations of the first "count" and alleges that defendant wrongfully and unlawfully took exclusive possession of plaintiff's personal goods and effects and converted the same to her own purposes and uses to plaintiff's damage in the sum of $1500.00.

Defendant's answer is divided into two "counts" in the first of which she admits ownership of the premises occupied by the plaintiff, but alleges that the occupancy was on a weekly rather a monthly basis; denied all other allegations in the first "count"; in the second of which she incorporates by reference her answer to the first "count" and alleges that she holds and distrains plaintiff's personal property as security for unpaid rent after repeated demand for the payment thereof, and denies each and every other allegation in plaintiff's second "count."

Fairness to counsel representing defendant in this court requires us to state that he had nothing whatever

to do with the trial of the cause and is in no way chargeable for the condition in which the record is presented to this Court.

We direct counsel's attention to Rule 8 (a) and (b), R.C.P. Colo., which provides that plaintiff's complaint shall set forth "Claim for Relief" and defendant's answer thereto shall be denominated "Defenses." We also direct defendant's counsel's attention to the fact that there is no "Designation of Record on Error" presented here and also that although the record discloses that plaintiff's exhibits were marked A to H, inclusive, and defendant's exhibits marked 1 to 11, inclusive, no exhibits accompany the record in this Court. We also notice that the reporter's transcript is unsigned, and the judge's certificate is insufficient.

It would unduly prolong this opinion to set forth the evidence of either party to a controversy embodied in a record of 599 folios. There was sufficient competent evidence before the jury to warrant it in finding that plaintiff was unlawfully evicted under circumstances that justified it in returning its verdict of $1500.00 on the first "count" in which plaintiff had alleged her damage to be $10,000.00. The jury returned its verdict, finding the value of plaintiff's personal property, converted by defendant to her own purposes and use, was the sum of $1500.00, which the court approved. In a criminal proceeding growing out of defendant's action in taking possession of plaintiff's personal property, the alleged value of the property forming the basis of the criminal proceeding was $617.00. At the trial plaintiff used a list of the articles which she claimed had unlawfully been converted and fixed the value of these articles at $1107.50. This was the only evidence before the jury for its determination as to value, notwithstanding which it returned a verdict finding the value of the personal property converted to be $1500.00.

In defendant's motion for a new trial, consisting of six alleged errors, no one thereof mentions "excessive

damages," and we might, under our rules, wholly disregard that entire question. In the sixth ground alleged in the motion for new trial, when defendant offered the criminal complaint which plaintiff had caused to be filed charging defendant with the conversion of her personal property, the value therein set forth was $617.00. The court in denying admission in evidence of this criminal complaint stated: "I can't see that it proves anything." With reference to this remark of the court, the sixth ground of the motion for new trial contains this statement: "* * * Defendant respectfully submits that the verdict of the jury on the *first count,* and which verdict simply adopted the exact figure set forth in the complaint and which verdict was undoubtedly highly influenced and caused by the great weight which a jury would give to such remark by the Court." It should be observed that in the "first count" the damages prayed for were $10,000.00, and defendant's counsel is wholly incorrect in the statement that the jury's verdict was the exact figure set forth in the "first count" in the complaint. In the prayer of the motion for new trial defendant's counsel states: "WHEREFORE, defendant respectfully submits that by reason of the manifest errors above set forth she did not receive a fair and impartial trial; that by reason of the comment on the weight of the evidence by the Court as set forth in Paragraph 6 above, the Jury were undoubtedly influenced to render the *excessive verdict* returned by them as to the *First Count of the Information or Complaint; * * *"* (Italics ours.)

■■ As we have said, the only evidence as to the value of plaintiff's articles allegedly converted by defendant to her own purposes and use fixed the same at $1107.50, and this was the maximum amount for which the jury was authorized to return its verdict. This error in the amount of the verdict is not properly before us, but it is one which we believe of enough importance to consider on our own motion when such a course is considered necessary to do complete justice. Rule 111 (f),

R.C.P. Colo. *Baker v. Denver Tramway Company,* 72 Colo. 233, 210 Pac. 845; *Universal Indemnity Insurance Co. v. Tenery,* 96 Colo. 10, 39 P. (2d) 776; *Neilson v. Bowles,* 124 Colo. 274, 236 P. (2d) 286.

Under the only competent evidence in the record, the maximum amount for which the jury might return a verdict in plaintiff's favor on the "second count" of her complaint was $1107.50, and the court erred in entering judgment in plaintiff's favor for the amount returned by the jury in said verdict. *Lynch v. Kuhlman,* 93 Colo. 274, 25 P. (2d) 744; *Maloy v. Griffith,* 125 Colo. 85, 240 P. (2d) 923.

That part of the judgment based on the first, third and fourth verdicts of the jury, making a total judgment of $1510.00, is affirmed, and that part of the judgment for $1500.00, based on the second verdict of the jury, is reversed and set aside and a new trial awarded for the purpose of determining the value of plaintiff's personal property alleged to have been converted by defendant to her sole use and purposes.

MR. JUSTICE MOORE and MR. JUSTICE HOLLAND do not participate.