No. 17,852.

SUE FREEMAN WARNER *v.* IVAN LEWIS BARNARD.

(304 P. [2d] 898)

Decided December 3, 1956. Rehearing Denied December 31, 1956.

MARGARET R. BATES, for plaintiff in error.

Mr. LOWELL WHITE, Mr. WALTER A. STEELE, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will herein refer to the parties as they appeared in the trial court, where plaintiff in error was plaintiff and defendant in error was defendant.

The action was brought by plaintiff Sue Warner to obtain a judgment for personal injuries allegedly caused by defendant Barnard while driving his automobile "in an intoxicated condition, negligently, carelessly and recklessly, and with a wilful and wanton disregard of the right" of plaintiff. Plaintiff was a passenger in the automobile owned and operated by defendant at the time of the accident which resulted in her injuries.

Defendant denied the allegations of the complaint and alleged as affirmative defenses: (1) That "the alleged injuries and damages are the result of an unavoidable accident"; and (2) that plaintiff "voluntarily assumed the risk of riding with the defendant and that she was entirely conscious of the manner and mode in which defendant was operating his automobile; that if the defendant was operating his automobile as charged, then the plaintiff was guilty of negligence which contributed to the happening of the accident and her resulting injuries." Trial to a jury resulted in a verdict in favor of defendant. Motion for new trial was denied and judgment entered on the verdict. Plaintiff, seeking review of the judgment, brings the cause to this court by writ of error.

Counsel for plaintiff presents the argument for reversal of the judgment under five captions, the first of which relates to alleged error in permitting cross-examination of the plaintiff with reference to statements made by her while in a hospital; and the second, in excluding from evidence a statement made by defendant in the deposition given by him prior to the trial. With reference to these two points it is sufficient to say that we have fully considered the argument made relating thereto and find it to be without merit.

Without objection from either party the trial court gave Instruction No. 11 to the jury. This instruction was as follows:

"If the jury shall find from the evidence that it was equally probable that the accident was caused on the one hand by the defendant's intoxication, or the defendant's negligence consisting of a willful and wanton disregard for the rights of the plaintiffs, or caused on the other hand by mere simple negligence of the defendant or by an unavoidable accident, then you are instructed that the plaintiffs have failed to prove their case by a preponderance of the evidence. In other words, if the evidence presents only a choice of equal probabilities or possibilities, your verdict shall be for the defendant."

The last point urged by counsel is that the trial court erred in the admission of evidence concerning the injuries and damages suffered by the defendant's wife as a result of the accident, as well as in the admission of evidence of the loss sustained by defendant in the destruction of this automobile.

### Questions to be Determined.

First: *Was error committed by the trial court in giving Instruction No. 11 to the jury?*

■ This question is answered in the affirmative. We know of no authority which justifies the giving of an instruction which is so laden with the potential for conjecture, misinterpretation and confusion. The assumptions of fact upon which the instruction is based are manifestly outside the realm of possibility. We are at a loss to understand how it would be possible for an accident to be caused with *equal probability* by negligence consisting of a willful and wanton disregard for the rights of the plaintiff "on the one hand," or by simple negligence "on the other hand." We cannot understand how an accident could possibly be caused with *equal probability* by the defendant's intoxication "on the one hand" or by an unavoidable accident "on the other hand." It might conceivably be possible for

trained lawyers to comprehend what might have been intended for coverage by this instruction, but in the minds of jurors it could be productive of no result other than misunderstanding, confusion and misinterpretation. It was heavily weighted on the side of defendant. Any lawful purpose to be accomplished by such language was well within the coverage of proper instructions on the subject of burden of proof.

Second: *Under the special circumstances disclosed by the record in the instant case, should this court take notice of the error in giving Instruction No. 11, even though no objection was made to it at the time of trial?*

This question is answered in the affirmative. We are not unmindful of the provisions of Rule 51, R.C.P. Colo., which provides, inter alia, that:

"All instructions shall be submitted to the parties, who shall make all objections thereto before they are given to the jury. Only the grounds so specified shall be considered on motion for a new trial or on writ of error."

This rule is subject to the qualification that the court on its own motion may notice manifest error whether raised by counsel or not, if the same appears of record and if justice will be served thereby. Rule 11 (f) R.C.P. Colo., provides that each party in proceedings on writ of error in this court shall set forth in the summary of argument "clearly and briefly the grounds upon which he relies * * *." It further is provided therein that, "He will be limited to the grounds so stated although *the court may in its discretion notice any error appearing of record.*" (Emphasis supplied.)

A case somewhat similar to the instant action is *Neilson v. Bowles*, 124 Colo. 274, 236 P. (2d) 286. With reference to an instruction there under consideration we used the following pertinent language: "Perhaps no more involved and complex instructions could have been submitted than the foregoing, when we consider the clear-cut issues presented by the pleadings." At another point in that opinion we stated: "This court may

notice questions, not raised by the assignments of error, that appear on the face of the record, when such consideration is necessary to do justice."

Although counsel are confined to the points properly specified, this court, under special circumstances, has frequently noticed error appearing of record and taken appropriate action to protect the right of a litigant to have his cause determined under well-established principles of law. *Maloy v. Griffith,* 125 Colo. 85, 240 P. (2d) 923; *Lamborn v. Eshom,* 132 Colo. 242, 287 P. (2d) 43; *Neilson v. Bowles, supra; Universal Indemnity Ins. Co. v. Tenery,* 96 Colo. 10, 39 P. (2d) 776; *Baker v. Denver Tramway Co.,* 72 Colo. 233, 214 Pac. 845.

Third: *Did the trial court err in admitting evidence concerning the expenses incurred and paid by defendant because of injuries sustained by his wife in the accident?*

■ This question is answered in the affirmative. Objection was made to the introduction of testimony relating to the expenses incurred by defendant in defraying medical costs for services rendered to him and his wife. No counterclaim was asserted by defendant. If plaintiff had a right to recover damages from defendant that right could not be destroyed or in any manner affected by the fact that defendant and his wife also were injured and incurred heavy expenses as a result of the accident. The jury might well have been influenced to the prejudice of plaintiff because of the admission of this testimony.

The judgment is reversed and the cause remanded for retrial.