## No. 18,530.

PRISCILLA KENDALL v. ELLA MARIE HARGRAVE, ET AL.

(349 P. [2d] 993)

Decided March 7, 1960.

Mr. CARMEL A. GARLUTZO, for plaintiff in error.

Mr. JOSEPH N. LILLY, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties to this action are here in the same order they appeared in the trial court and we will so refer to them.

Plaintiff sued to recover for personal injuries and damage to her automobile as the result of a collision occurring on North Federal Boulevard at the outskirts of Denver on October 14, 1951. Trial was had on September 9, 1957, resulting in a verdict and judgment for plaintiff in the exact amount stipulated by the parties as the damage to the plaintiff's automobile. Contending that the trial court erred in sustaining an objection to testimony of the plaintiff as to sums paid by her for medical treatment and that the award of damages returned by the verdict of the jury was grossly inadequate, she seeks reversal by writ of error.

The evidence presented at the trial discloses that on the evening of October 14, 1951, the plaintiff, a passenger in her own automobile being driven by another, was enroute to Greeley, Colorado, from her home in Trinidad to attend classes at Colorado State College; that upon approaching the intersection of North Federal Boulevard and 77th street it was observed that a wreck had occurred on the highway ahead and that one of the

cars involved was blocking the west or southbound lane of the highway. As plaintiff's car was slowly passing the stalled car, the defendant's car, coming from the north, swerved into the east lane and struck plaintiff's car.

The impact of the collision threw plaintiff forward striking her head against the rear view mirror from which she suffered a concussion resulting in severe headaches and dizzy or fainting spells. She continued on to Greeley where she was treated by the college physician who referred her to other doctors of that city, and at their direction she consulted and was examined by Dr. L. E. Daniels of Denver. The headaches and fainting spells continued during her attendance at college, and following completion of her courses she returned to Trinidad and continued treatments there under Dr. James E. Donnelly. She testified that the headaches and fainting spells continued for a year after the accident to the extent that her ability to follow her profession as a school teacher was greaty impaired.

It was stipulated by the parties that the cost of repairing plaintiff's automobile was $140.29. This is the exact amount of the verdict returned by the jury.

1. It is claimed that the trial court erred in refusing to admit plaintiff's testimony as to the amount expended by her for medical treatment as a result of the accident.

The question asked plaintiff by her counsel on direct examination and to which an objection was sustained, is as follows:

"Q. Do you know what you have paid to doctors out of your own pocket as a result of this accident. What you paid, and not the cause, because you don't have the medical knowledge; but what you paid for the reasonable services?

"Mr. Lilly: The same objection that I made to the other testimony: She attempted to give the amount paid. This is not the best way to prove it, and I object to it. It is not the best evidence."

Upon the objection being sustained the matter

was not pursued further. We think the objection should have been overruled. Certainly it was not valid on the grounds stated. There was nothing in the question calling for application of the best evidence rule. The question as framed called only for a yes or no answer and had the plaintiff been permitted to answer and had her answer been yes, then her testimony as to how much she had paid and to whom would have been proper and admissible. Whether the sums allegedly paid were reasonable charges under the circumstances, might then be the subject of further inquiry, but the plaintiff's testimony as to the amounts paid and the services rendered therefor would be admissible as some evidence of their reasonable value. In *Townsend v. Keith,* 34 Cal. App. 564, 168 Pac. 402, the court in considering a similar situation, said:

"The court did not err in overruling defendant's objection to the question asked of plaintiff as to what bills he incurred on account of services rendered by his physician and for hospital treatment. While the correct measure of damages is the necessary and reasonable value of the services rendered, rather than the amount which may have been paid for such services, nevertheless the amount paid for services is some evidence of their reasonable value."

2. It is urged that the verdict was grossly and manifestly inadequate. A consideration of this point compels resort to the provisions of Rule 111 (f) R.C.P. Colo. under which this court may notice error appearing on the face of the record when in the interest of justice to a litigant it is appropriate to do so. It appears that neither party objected to any of the instructions given by the court, and no complaint is made of any instructions tendered and refused. The only instruction given by the court on the question of damages is Instruction No. 7, reading as follows:

"The jury is instructed that the amount of damages for which a plaintiff is suing should not be considered

by you as evidence of her damages. The amount of damages which a plaintiff proves, not the amount she claims, is what you should consider."

Nowhere in the instructions given was the jury advised of the several elements they were to consider in assessing the amount of damages to which the plaintiff would be entitled in the event their verdict favored her. They were told that they could consider only the amount of damages which the plaintiff "proved," hence it is not surprising that in the state of the evidence as submitted to them they considered the only damages "proved" being that which the parties had stipulated as the cost of repairing the automobile. They were given no guidance in the matter of compensation for physical injuries, loss of time, or pain and suffering resulting from the accident.

▇ While, as observed above, neither party objected to any of the instructions given, and neither appears to have tendered an instruction on the measure of damages, it was nevertheless necessary that the jury be properly and fully instructed on that question, and counsel for the parties having failed in this respect, the trial court on its own motion should have done so.

In *Northern Colorado Irrigation Company v. Reuter*, 67 Colo. 483, 186 Pac. 286, it was said:

"The court should have correctly instructed the jury, of its own motion, upon the measure of damages, and its failure to do so necessitates a reversal of the judgment."

To the same effect is *Neilson v. Bowles*, 124 Colo. 274, 236 P. (2d) 286.

▇ The latter case also sets forth the circumstances under which this court will exercise its discretion in noticing error appearing upon the face of the record even though not raised by the parties, when appropriate to protect the rights of a litigant. See, also, *Baker v. Denver Tramway Co.*, 72 Colo. 233, 210 Pac. 845; and

*Universal Indemnity Insurance Company v. Tenery,* 96 Colo. 10, 39 P. (2d) 776.

For these reasons the judgment must be reversed and a new trial ordered on the question of damages only.

MR. JUSTICE HALL not participating.