420 P.2d 144 (1966)
Welda HOGGARD, Plaintiff in Error,
v.
GENERAL ROSE MEMORIAL HOSPITAL ASSOCIATION, a Colorado corporation, Defendant in Error.
No. 21116.
Supreme Court of Colorado, In Department.
September 12, 1966.
Rehearings Denied December 5, 1966.
Frank A. Bruno, H. D. Reed, Denver, for plaintiff in error.
White & Steele, Denver, for defendant in error.
MOORE, Justice.
Welda Hoggard, hereinafter referred to as plaintiff, filed her complaint in the trial court seeking to recover damages for injuries allegedly sustained when she fell to the floor in a hallway of the hospital operated by the defendant in error. The mother of plaintiff was a patient in the hospital and the fall occurred as plaintiff was about to depart from the room occupied by her mother.
The complaint contained two claims, one of which was based upon a theory of implied warranty that the premises and hallways to and from the room occupied by her mother would be reasonably safe for use in her visitations. The second claim was based upon the alleged negligence of the hospital in improperly applying a wax to the floor of a hallway and negligently maintaining a slippery condition on the floor over which it was necessary for her to walk.
The answer contained denials of each material fact alleged in support of plaintiff's claims, and defendant affirmatively alleged that plaintiff was guilty of contributory negligence and had assumed any and all risks involved. The case was tried to a jury and a verdict was returned in favor of the defendant hospital. Judgment was entered on the verdict.
There are irreconcilable conflicts in the evidence and a verdict in favor of either party would find adequate support in the record. The grounds for reversal of the judgment, which are presented by counsel for the plaintiff, relate to the action of the trial court in:
(1) Dismissing the claim based on an implied warranty;
(2) submitting to the jury the question of contributory negligence of the plaintiff;
(3) giving certain instructions to the jury over objections of plaintiff;
(4) refusing instructions tendered by plaintiff;

*145 (5) sustaining objections to testimony offered by plaintiff; and
(6) in receiving evidence offered by defendant to which plaintiff made objection.
In the foregoing specifications we find no error requiring a reversal of the judgment. However, we do find in one of the trial court's instructions a very serious mistake which could very well have had a significant effect in the deliberations of the jury. Notwithstanding that no objection was made to it, and no mention is made of it by counsel on either side, we elect to take notice of it as we occasionally are required to do in the administration of justice under the authority of Rule 111(f), R.C.P.Colo., where it is specifically provided that this court, "* * * may in its discretion notice any error appearing of record * * *." This we have done in instances where justice required it.
The instruction which is fatally defective and requires a reversal of the judgment in this case is Instruction No. 6, which reads as follows:
"You are instructed that before you can find for the plaintiff and against the defendant, in accordance with these instructions, you must find that the injury complained of was the proximate cause of the negligence of the defendant." (Emphasis supplied.)
We, as judges, and lawyers who read this opinion may well know what the trial judge intended to say. But we are here concerned with what he did say. We hold that the instruction was palpably erroneous in view of the fact that the jury of laymen might very well have given it the effect of an order to find the issues for the defendant. As such, it was clearly prejudicial since plaintiff's injuries could not possibly have been the cause of defendant's negligence. In Neilson v. Bowles, 124 Colo. 274, 236 P.2d 286, we find the following pertinent language:
"This court may notice questions, not raised by the assignments of error, that appear on the face of the record, when such consideration is necessary to do justice. Baker v. Denver Tramway Co., 72 Colo. 233, 210 P. 845, 29 A.L.R. 1453; Universal Indemnity Ins. Co. v. Tenery, 96 Colo. 10, 39 P.2d 776."
For other cases in which this court has reversed a judgment for error in instructing, or failure to instruct, the jury, even though no objection or request was made to the trial court, we direct attention to the following cases: Kendall v. Hargrave, 142 Colo. 120, 349 P.2d 993; Warner v. Barnard, 134 Colo. 337, 304 P.2d 898; Carr v. Boyd, 123 Colo. 350, 229 P.2d 659; United Brotherhood of Carpenters and Joiners of America, Local Union No. 55 v. Salter, 114 Colo. 513, 167 P.2d 954.
The judgment is reversed.
SUTTON, C. J., and FRANTZ and SCHAUER, JJ., concur.