No. 21555.

HAROLD WALES *v.* DAVID HOWARD, BY HIS NEXT FRIEND, WILLIAM I. HOWARD.

(433 P.2d 493)

Decided November 13, 1967.

GORDON, LEFFERDINK and LEGG, for plaintiff in error.

CARL M. SHINN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

PLAINTIFF in error, defendant below, brings this writ of error directed to a judgment of the District Court of Cheyenne County, Colorado, entered on a jury verdict in favor of David Howard, plaintiff below, awarding $8,000 damages for personal injuries. The parties will be referred to as plaintiff and defendant or by name.

Plaintiff was seven years of age on July 23, 1959, when he sustained the injuries sued upon. He was run over by an automobile owned by defendant and driven by his daughter, who died before this suit came to trial. The parties stipulated that the automobi'e was a "family purpose automobile" and that at the time of the accident it was being used for family purposes. Plaintiff testified that he stumbled and fell while crossing the street; that defendant's car was turning the corner at the time he fell and that the left wheels of the car ran over his left leg. He suffered a fractured femur, was put in traction for a month and then in a body spica cast. He was in the hospital four months and was put back a year in school. There was medical testimony that he had made a complete recovery by the time of the trial (June, 1964). The hospital bill was $1,281.80 and the doctor's bill $200.

Defendant contends that the amount of the verdict was excessive and that the trial court erred in (1) failing to instruct the jury that a minor pedestrian has some duty of lookout; (2) giving an instruction containing the stipulation of facts agreed to by the parties, thus placing "undue emphasis" on this part of the evidence, and (3) allowing the doctor's bill rendered to plaintiff's father to be introduced into evidence as part of plaintiff's damages.

I.

The contention that the verdict of $8,000 was excessive is based solely on the giving of Instruction No. 15, which allowed the jury to consider as an element in awarding damages "[s]uch sums as will compensate him for his time which has been lost." Defendant did not object to the instruction at the trial. He now contends that it allowed the jury to consider possible loss of earnings during minority as an element of damage.

R.C.P. Colo. 51 states that only objections made by counsel at the trial will be considered on writ of error. It is true that R.C.P. Colo. 111(f) gives this Court discretion to notice errors appearing of record, and that this Court has used this discretion to find reversible error in the giving of instructions even though no objection was made thereto at the trial. *Kendall v. Hargrave*, 142 Colo. 120, 349 P.2d 993; *Warner v. Barnard*, 134 Colo. 337, 304 P.2d 898. Such discretion is exercised, however, only where necessary to prevent manifest injustice. In the *Kendall* case, *supra*, the court gave no instruction at all on the measure of damages, and none was tendered by the parties. In *Warner*, *supra*, the instruction given without objection was "laden with the potential for conjecture, misinterpretation and confusion," and based on assumptions of fact "manifestly outside the realm of possibility." 134 Colo. at 339, 304 P.2d at 899.

Both parties were satisfied with the instruction and apparently neither thought at the time of the trial

that it would lead the jury to take into account anything not in the record. There was no evidence at the trial dealing with lost earnings. We cannot say that a verdict of $8,000 is so grossly excessive, under the circumstances of this case, that it must have been "motivated by something other than the evidence in the case." *Moseley v. Lamirato*, 149 Colo. 440, 447, 370 P.2d 450, 455. See *Clark v. A. Bazzoni & Co.*, 7 Ill. App.2d 334, 129 N.E.2d 435, upholding a verdict of $12,500 for injuries to a 12-year-old boy similar to those of the plaintiff here.

## II.

■ Defendant next contends that the court erred in failing to instruct the jury that a minor pedestrian has some duty of lookout. In Instruction No. 9, the court stated:

"You are instructed that the drivers of all motor vehicles have the legal duty to maintain a proper lookout and to see what can and should be seen on approaching other highway traffic or pedestrian, so as to prevent and avoid motor vehicle or pedestrian accidents. One is presumed to have seen what he could and should have seen in the performance of this duty. The observation must be accomplished by reasonable thought and judgment, otherwise there would be no reason for the duty."

Defendant has not contended that this instruction inaccurately states the law as to the driver's duty of lookout, but objected only on the grounds that it did not include a statement as to a pedestrian's duty as well. Looking at the instructions as a whole, we cannot say that there was reversible error in this regard.

■ Instruction No. 5 covered contributory negligence and Instruction No. 6 informed the jury that a child is required to exercise "that degree of care which ordinarily is exercised by children of like age, mental capacity and experience." Minors not prima facie sui juris are required to exercise only such care to avoid

danger as might fairly and reasonably be expected from persons of their age. *Lakeside Park Co. v. Wein,* 111 Colo. 322, 141 P.2d 171; *Simkins v. Dowis,* 100 Colo. 355, 67 P.2d 627; *Colorado Utilities Corp. v. Casady,* 89 Colo. 156, 300 P.601; *Denver City Tramway Co. v. Nicholas,* 35 Colo. 462, 84 P.813. In view of this, we cannot say, as a matter of law, that a seven-year-old child is required to keep a lookout.

It was for the jury to determine whether this seven-year-old child had exercised the same care as a child of the same age, mental capacity and experience would ordinarily exercise under the circumstances of this case.

### III.

Defendant contends that Instruction No. 10, which is in the exact words of the stipulation of facts previously read to the jury, had the effect of putting "undue emphasis" on this part of the evidence. The court was pointing out to the jury what facts were not in dispute. Since these facts had been agreed upon by the parties, we are at a loss to see how their inclusion in the instructions could have unfairly prejudiced the defendant. We find no error in Instruction No. 10.

### IV.

Defendant's final argument is directed to the introduction into evidence of the physician's charges of $200 for treatment of plaintiff, the bill having been rendered to plaintiff's father. No objection is made to the introduction of the hospital bill of $1,281.80, since this bill was rendered to the minor plaintiff, and under this Court's decision in *National Fuel Co. v. Green,* 50 Colo. 307, 115 P.709, a minor plaintiff can recover for expenses "incurred by him" even though he did not actually pay them. This Court has said that a right of recovery in the parent may be relinquished to his minor child, but that the mere fact that the father, as the next friend of the minor, brought the action is not equivalent to relinquishment. *Pawnee Farmers Elevator & Supply*

*Co. v. Powell,* 76 Colo. 1, 227 P.836. There is no evidence in this record that the father released his right to recover the doctor's bill to his minor son, other than by suing as his next friend, and, therefore, the son under the law in this state has no right to recover for those expenses.

Plaintiff's counsel has agreed to accept a remittitur of $200 in the event this Court finds this evidence to have been improperly admitted.

The judgment is therefore modified by reducing the same to $7800 and, as modified, the judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE HODGES concur.