In re the MARRIAGE OF Sylvia Annette BROWN, Appellee,

and

James Fletcher Brown, Appellant.

No. 79CA0202.

Colorado Court of Appeals, Div. II.

March 19, 1981.

William E. Kenworthy, Denver, for appellee.

Bader & Cox, Michael H. Berger, Hannon, Stutz, Brightwell & Dyer, R. Gregory Stutz, Denver, for appellant.

KELLY, Judge.

James Brown seeks to set aside a separation agreement that was approved by the trial court and subsequently incorporated into a dissolution decree. On appeal, Brown contends, among other things, that the trial court erred in approving two provisions in the agreement: one whereby he waived all visitation rights, and the other whereby he consented to the adoption of his minor children by any person his wife might marry. We reverse and remand for findings.

The wife brought the dissolution action, and at the hearing on final orders, an oral agreement was reached by the parties which the court ordered be reduced to writing. In addition to providing for division of the marital property, the stipulation provided that in consideration of the wife's receiving the house free and clear, she waived all rights to receive child support payments and maintenance and assume the full financial obligations for the care of the parties' minor children. The husband relinquished all visitation rights and consented to the adoption of the minor children by any person whom the wife might marry.

The court entered a written order approving the written stipulation, finding that it was not unconscionable and ordered the parties to comply therewith. However, before the decree of dissolution was entered, the husband moved to set aside the agreement and restore visitation rights. The trial court declined to hear the motion at that time. The dissolution decree subsequently entered incorporated the provisions of the separation agreement. A motion for new trial was filed, again asking that the agreement be set aside and visitation rights restored. Both this and the previous motion were denied.

The wife argues that this appeal should be dismissed because the motion for a new trial failed to raise the grounds asserted on appeal. While we agree that the motion fails to comply strictly with the requirements of C.R.C.P. 59(f), see *Martin v. Opdyke Agency, Inc.*, 156 Colo. 316, 398 P.2d 971 (1965), because the status of the minor children is at stake, we notice error in the trial court proceedings, and remand for findings. See C.A.R. 1(d); *Kendall v. Hargrave*, 142 Colo. 120, 349 P.2d 993 (1960); *Lamborn v. Eshom*, 132 Colo. 242, 287 P.2d 43 (1955).

In its order approving the parties' separation agreement, the trial court made no findings concerning the propriety of the wife's waiver of her need for child support, the husband's waiver of his right to visit the children, the custody provisions, and the consent to adoption. Rather, the trial court found the agreement as a whole not to be unconscionable, and presumably concluded that its provisions were, therefore, binding upon the court pursuant to § 14–10–112(2), C.R.S. 1973.

While unconscionability is the standard to be applied under § 14–10–112(2) in determining the binding effect upon the court of the property settlement provisions of a separation agreement, the statute specifically excepts the support, visitation, and custody provisions of a separation agreement from its operation. Although agreements concerning these matters may bind the parties, they are not binding upon the court or on the children, and are subject to modification under appropriate circumstances. See § 14–10–112(6), C.R.S. 1973.

■ Because of the relationship between the child support, property division, and maintenance needs, unconscionability is necessarily one factor to be considered by a trial court in assessing the propriety of child support provisions in a separation agreement. *See In re Marriage of Lowery*, 39 Colo.App. 413, 568 P.2d 103 (1977), *aff'd*, 195 Colo. 86, 575 P.2d 430 (1978); *see also* § 14–10–112(4), C.R.S. 1973. However, in addition to unconscionability, the court must consider other factors, such as the living standards the child would have enjoyed had the parties not dissolved the marriage and the physical and emotional well-being of the child. Section 14–10–115(1)(c) and (d), C.R.S. 1973.

■ When evaluating the propriety of custody and visitation provisions in a separation agreement, unconscionability is not the test. Rather, these provisions must be examined by the trial court under the legislative standard set forth in § 14–10–124, C.R.S. 1973, as to custody, and § 14–10–129, C.R.S. 1973, as to visitation. *See In re Marriage of Lawson*, Colo.App., 608 P.2d 378 (1980).

■ The propriety of a separation agreement should be addressed by a trial court prior to its incorporation in a dissolution decree, having due regard for the applicable statutory standards. *Cf. In re Marriage of Wigner*, 40 Colo.App. 253, 572 P.2d 495 (1977); *In re Marriage of Lowery, supra*. While specific findings listing each factor in the statutes are not necessary, still, there must be enough in the record to allow this court to review the basis on which the trial court reached its decision. *See In re Marriage of Jaramillo*, 37 Colo.App. 171, 543 P.2d 1281 (1975).

■ We do not reach the husband's argument questioning the validity of the husband's consent to adoption. While the record does not reveal whether the trial court specifically considered the validity of this provision in the separation agreement, we conclude that it is beyond the scope of its statutory authority to do so. *See McCoy v. McCoy*, 139 Colo. 105, 336 P.2d 302 (1959);

*In re Marriage of Nichols*, 38 Colo.App. 82, 553 P.2d 77 (1976). *See also* § 19–1–104, C.R.S. 1973.

In view of our conclusions, it is not necessary to consider the other arguments.

■ The judgment is reversed; the order approving the separation agreement is set aside, and the cause is remanded to the trial court for a determination and findings by the court, either based on the record, or, in its discretion, after further hearing, on the question whether the provisions of the separation agreement for child support, child custody, and visitation are in the best interests of the children under the applicable statutory standards.

PIERCE and VAN CISE, JJ., concur.