**Kenneth D. MARTIN, Plaintiff–Appellant and Cross–Appellee,**

v.

**Ronald John MINNARD and American Transportation Corporation, Defendants–Appellees and Cross–Appellants.**

No. 92CA0391.

Colorado Court of Appeals, Division IV.

May 20, 1993.

Rehearing Denied July 15, 1993.

Certiorari Denied Dec. 13, 1993.

Anderson, Campbell & Laugesen, P.C., Gregg C. McReynolds, Kristen A. Cogswell, Denver, for plaintiff-appellant and cross-appellee.

Watson, Nathan & Bremer, P.C., Ellis J. Mayer, Denver, for defendants-appellees and cross-appellants.

Opinion by Judge PLANK.

Plaintiff, Kenneth D. Martin, appeals from a judgment entered upon a jury verdict in favor of the defendants, Ronald John Minnard and American Transportation Corporation (ATC). Defendants cross-appeal the trial court's denial of a portion of its request for costs. We affirm.

Plaintiff alleges that he was injured while a passenger on a bus driven by defendant Minnard and operated by ATC. Martin made a claim of negligence against both defendants and for negligent hiring and supervision of Minnard against ATC.

On the morning of trial, the court granted defendants' motion to bifurcate the claims of negligence and negligent hiring and supervision. Thus, the trial addressed only the plaintiff's claim for negligence.

I.

 Plaintiff first contends that the trial court erred in granting defendants' motion for bifurcation. We disagree.

 Under C.R.C.P. 42(b), bifurcation is proper when the court finds that separate trials will further convenience, avoid prejudice, or promote judicial economy. A trial court has wide discretion to bifurcate trials, and absent a clear showing of abuse of discretion, the court's decision will not be disturbed. *Prudential Property & Casualty Insurance Co. v. District Court*, 617 P.2d 556 (Colo.1980).

Here, the trial court made specific findings that bifurcation was proper because the driving record of Minnard was inadmissible to prove plaintiff's claim of negligence, but was admissible regarding the claim of negligent hiring. The court found that, even with a curative limiting instruction, the jury might improperly use the evidence to show a propensity of negligent driving. Thus, the court bifurcated the separate claims to avoid prejudice to the defendants.

"An abuse of discretion occurs where the court's failure to order separate proceedings virtually assures prejudice to a party." *Prudential Property & Casualty Insurance Co. v. District Court*, 617 P.2d at 558. We fail to see how the trial court's order prejudiced the plaintiff.

*Gaede v. District Court*, 676 P.2d 1186 (Colo.App.1984), relied on by the plaintiff, does not address the issue before us. In *Gaede*, we held that a trial court must make a finding on the record that bifurcation will further convenience, avoid prejudice, or promote judicial economy. Since the only finding the *Gaede* trial court made concerning the bifurcation was that it would promote settlement, this court set aside the bifurcation order, but we did not state that the trial court could not bifurcate the trial, only that it would have to make the proper findings if it did permit bifurcation. Here, the trial court did make sufficient findings.

As well, we do not agree with plaintiff's arguments regarding §§ 13–21–111 and 13–21–111.5, C.R.S. (1987 Repl.Vol. 6A), Colorado's Relative Fault Statute. ATC admits that Minnard was their employee, acting in the course and scope of his employment. Thus, any negligence of Minnard is equally attributable to ATC, and bifurcation did not split any single tort or claim for damages into two trials.

Finally, we do not agree with plaintiff that Minnard's driving record was not prejudicial to defendants because Minnard's employment records were admitted containing driving information. The trial court specifically ordered that no evidence of Minnard's past driving history be admitted, and the trial court found that such evidence was prejudicial. We hold that there was no abuse of discretion in the trial court's ruling.

## II.

■ Plaintiff next contends that the trial court erred by not instructing the jury on the doctrine of *res ipsa loquitur*. We disagree.

■ Negligent conduct cannot be presumed by the happening of an accident, but must be established by the facts and circumstances surrounding the accident. *In re Interrogatory of U.S. District Court,* 744 P.2d 1197 (Colo.1987).

■ *Res ipsa loquitur* is a rule of evidence which allows, in a proper case, an inference of a breach of duty and causation and requires the defendant to then prove there was no negligence; it is a rule of evidence, not a substantive claim for relief. *Stone's Farm Supply, Inc. v. Deacon,* 805 P.2d 1109 (Colo.1991).

■ A party is entitled to an instruction on *res ipsa loquitur* only if the incident is the kind which ordinarily does not occur in the absence of negligence and if other possible causes, including the conduct of the plaintiff and third persons, are eliminated by the evidence. *Stone's Farm Supply, Inc. v. Deacon, supra.*

Here, the plaintiff claims that Minnard drove the bus too fast over a dip in the roadway, which caused plaintiff to fall out of his bus seat and injure himself. Unusual events like falling elevators and collapsing roofs usually do not occur absent negligence. *Montgomery Elevator Co. v. Gordon,* 619 P.2d 66 (Colo.1980); *Gylling v. Hinds,* 122 Colo. 345, 222 P.2d 413 (1950). However, a person can fall out of a bus seat absent any negligence of the driver. Hence, the trial court was correct in not instructing the jury on the doctrine of *res ipsa loquitur.*

## III.

■ Plaintiff next contends that the trial court erred by not instructing the jury on negligence per se. We hold that any error created by not giving the tendered instruction was harmless.

The court rejected plaintiff's tendered jury instruction that read as follows:

At the time of the occurrence in question in this case, the following statute of the State of Colorado was in effect:

C.R.S. 42–4–1204

Any person who drives any motor vehicle, bicycle, or motorized bicycle in a careless and imprudent manner without due regard for the width, grade, curves, corners, traffic and use of the streets and highways and all other attendant circumstances is guilty of careless driving.

A violation of this statute constitutes negligence. If you find such a violation, you may only consider it if you also find that it was a cause of the claimed injuries and damages.

■ To establish a claim of negligence per se, the plaintiff has to show that he is a member of the class that the statute was designed to protect, that the injuries suffered were the kind the statute was designed to protect, and that the defendant violated the statute. *Lego v. Schmidt,* 805 P.2d 1119 (Colo.App.1990).

■ The traffic code is designed to protect persons like the plaintiff from these

kinds of injuries. *Lego v. Schmidt, supra.* However, error by a trial court does not warrant reversal if it does not affect a substantive right of a party. *See Public Service Co. v. Barnhill,* 690 P.2d 1248 (Colo.1984). The record reveals that such is the case here.

First, the jury found that the plaintiff had not suffered any injury or damages. Thus, even if the jury had found defendants negligent per se, plaintiff failed to prove any damages.

Second, the actual instructions on negligence given to the jury reflect that they were adequately instructed on the standard of care which would have been included in a negligence per se instruction based on the above-mentioned statute. For example, the jury was instructed that: "[D]efendants ... owed a duty to the plaintiff ... to exercise the highest degree of care commensurate with the practical operation of its business. The slightest deviation from this constitutes negligence...." The jurors were also instructed that: "[A] driver must maintain a proper lookout to see what that driver could and should have seen in the exercise of reasonable care," and that: "[N]egligence means a failure to do an act which a reasonably careful person would do, or the doing of an act a reasonably careful person would do ... to protect ... others from bodily injury." Further, the jurors were instructed that a driver has a duty to drive at a speed not greater than reasonable considering the existing conditions and that a driver must maintain a lookout to see what a driver would see when exercising reasonable care.

When the instructions given cover all the points of a case, the refusal to give another instruction, although correct, is not a ground of error. *Dozenback v. Raymer,* 13 Colo. 451, 22 P. 787 (1889). Hence, the omission of the instruction on negligence per se was harmless.

## IV.

■ Finally, plaintiff contends that the trial court erred when, in instructing the jury as to the claims and defenses of each party, it stated that: "The plaintiff also claims that defendant American Transportation Company is separately responsible for the same damages because R.J. Minnard [w]as their employee at the time of the incident and because they were negligent in the hiring, training and supervising of R.J. Minnard." Plaintiff argues that the reference to the negligent hiring claim was prejudicial and misled the jury.

■ Under C.R.C.P. 51, a party must make all objections to the proposed jury instruction before they are submitted to the jury, otherwise it cannot be considered on appeal. *Ross v. Colorado National Bank,* 170 Colo. 436, 463 P.2d 882 (1969); *American Family Mutual Insurance Co. v. Bowser,* 779 P.2d 1376 (Colo.App.1989).

An appellate court can exercise its discretion by softening this rule when it is necessary to do justice and avoid manifest error. *Warner v. Barnard,* 134 Colo. 337, 304 P.2d 898 (1956). However, it is still the duty of counsel to make contemporaneous objection to the instructions given to the jury, and if errors are not brought to the attention of the trial court, they are deemed waived. *Ross v. Colorado National Bank, supra.* Here, we hold the error was not manifest. Therefore, since plaintiff did not object, he waived any claim of error to this instruction.

## V.

On cross-appeal, defendants contend the trial court erred by failing to award them a greater amount of the costs that were incurred after plaintiff rejected their offer of settlement. We affirm the costs awarded by the trial court.

The offer of settlement was submitted pursuant to § 13–17–202, C.R.S. (1992 Cum.Supp.). The trial court awarded reasonable costs pursuant to §§ 13–17–202, 13–16–105, 13–16–122, C.R.S. (1987 Repl. Vol. 6A) and C.R.C.P. 54(d) and 121. The trial court did not, however, award all of defendant's costs incurred after the offer of settlement was made.

In their offer of settlement on August 13, 1991, defendants offered plaintiff a certain sum in settlement of his claims, but that offer was contingent upon signing a

Release and Settlement Agreement. That agreement included in part the following language:

As a further consideration for said sum, claimant warrants as follows: ... that it is claimant's clear intention to fully and forever release releasees from any and all claims, even if there may presently exist a mistaken belief of the part of the claimant as to the present nature and extent of the claims, including existing but unknown or undisclosed claims at the time of the execution of this Release and Settlement Agreement, and claimant acknowledged that a portion of the consideration to claimant is being paid for claimant's voluntary and knowing assumption of the risks of any unknown or undiscovered claims or losses....

As further consideration for said sums, claimant warrants that there are no assignees, subrogees or other third parties who have a right to participate in the settlement or receive any of the monies paid hereunder. Claimant agrees to indemnify, defend and hold forever harmless the releasees of and from and all further claims which may be made against releasees by any person, firm or corporation.... Claimant acknowledges that the release of any and all subrogation or other rights of action by persons not a direct party to this release is an integral part of this release and that any breach of said provision shall cause the proceeds of this settlement to be forfeited by the claimant to the releasees.... The contents, terms and conditions of this Release and Settlement Agreement shall remain confidential between the parties. Claimant acknowledges that this confidentiality provision is an integral part of this release and that any breach of said provision shall cause the proceeds of this settlement to forfeited by the claimant....

█ Section 13–17–202 was enacted to encourage settlement. Colo.Sess.Laws 1990, ch. 100, at 848. It does not, however, replace the parties' right privately to settle suits by contract. *See Centric–Jones Co. v. Hufnagel,* 848 P.2d 942 (Colo.1993) (offers made pursuant to § 13–17–202 are not enforced according to contract principles, but rather invoke special statutory process).

Under § 13–17–202, if a defendant makes an offer of settlement which is rejected by the plaintiff, and the plaintiff at trial recovers an amount less than the offer, the defendant is entitled to costs. Similarly, a plaintiff can make an offer, and if the plaintiff's recovery is greater than the amount of the offer, the plaintiff may recover costs.

█ We hold that it would be contrary to the purpose of § 13–17–202 to allow non-monetary conditions to be imposed as part of a settlement offer pursuant to the statute. Thus, the provisions extending the scope of the offer beyond the claims at issue, requiring assumption of risk, imposing save harmless obligations, and mandating confidentiality, remove the offer from the scope of the statute.

Further, as to the confidentiality provision, such a condition is counter to the specific terms of the statute, which allows the settlement to become a judgment. Section 13–17–202(3), C.R.S. (1992 Cum.Supp.) provides in part that if such an offer is accepted, "either party may then file the offer and notice of acceptance, together with proof of service thereof, and thereupon the clerk shall enter judgment." Because either party has the right under the statute to make a settlement offer and acceptance part of the public records, an offer conditioned upon confidentiality cannot be used as a basis for seeking costs under § 13–17–202.

Obviously, a party can always make a conditional settlement agreement based upon contract principles. Such an offer, however, will not allow the offering party to recover costs under the statute.

Hence, we conclude that the costs awarded pursuant to §§ 13–16–105 and 13–16–122 and C.R.C.P. 54(d) and 121 were proper.

Judgment affirmed.

JONES and MARQUEZ, JJ., concur.