**Tod MUCCI and Rochelle Weiss, Plaintiffs-Appellees,**

v.

**FALCON SCHOOL DISTRICT # 49, EL PASO COUNTY, Colorado, Defendant-Appellant.**

**No. 79CA1099.**

Colorado Court of Appeals, Div. II.

Aug. 12, 1982.

Rehearing Denied Sept. 2, 1982.

---

KELLY, Judge.

Plaintiffs, Tod Mucci and Rochelle Weiss, were employed as non-tenured teachers by defendant, Falcon School District # 49 (District). When the Falcon School Board (Board) declined to renew the plaintiffs' teaching contracts, the plaintiffs brought an action under 42 U.S.C. § 1983, claiming that their union activities were a substantial factor in the Board's decision. The District appeals from a jury verdict in favor of plaintiffs. We affirm.

## I.

■ The District first contends that the trial court erred in denying its motion for summary judgment, which was based on the theory that the plaintiffs' claims are barred by their failure to comply with the notice provisions of the Colorado Governmental Immunity Act (GIA), § 24–10–101 et seq., C.R.S.1973. We disagree.

Section 24–10–109(1), C.R.S.1973, requires that:

"Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment shall file a written notice as provided in this section within ninety days after the date of the discovery of the injury. Substantial compliance with the notice provisions of this section shall be a condition precedent to any action brought under the provisions of this article, and failure of substantial compliance shall be a complete defense to any such action."

The nonrenewal of plaintiffs' teaching contracts occurred on March 24, 1977, and their action was filed on November 7, 1977. It is uncontroverted that plaintiffs sent no formal notice to the District prior to November 7.

The District asserts that the "injury" claimed by plaintiffs is a tort for the purpose of the GIA. *See* §§ 24–10–102 and 24–10–103(2), C.R.S.1973. While it is true that plaintiffs have alleged a "constitutional tort," *Monell v. Department of Social*

Law Offices of Larry F. Hobbs, Larry F. Hobbs, Denver, for plaintiffs-appellees.

Miller & Swearingen, Reese Miller, Richard B. Wagner, Denver, Gary F. Dailey, Colorado Springs, for defendant-appellant.

*Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), "[c]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise." *Hampton v. Chicago,* 484 F.2d 602, 607 (7th Cir.1973), *cert. denied,* 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974), *cited in Martinez v. California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); *see McLaughlin v. Tilendis,* 398 F.2d 287 (7th Cir.1968) (state's tort immunity act could not bar a § 1983 action brought by non-tenured teachers who alleged that their nonrenewal was based on their union activities because such a bar would frustrate the very purpose of § 1983).

While the District correctly asserts that § 1983 actions are governed by state statutes of limitation, *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), the applicable state statute of limitations is § 13–80–106, C.R.S. 1973, *McKinney v. Armco Recreational Products,* 419 F.Supp. 464 (D.Colo.1976), and not the time limit found in the GIA. Section 13–80–106 provides that:

> "All actions upon a liability created by a federal statute . . . shall be commenced within two years . . . after the cause of action accrues."

Hence, since plaintiffs' action was brought within the applicable two-year period, it is not barred.

## II.

The District contends that the trial court should have granted its motion for judgment notwithstanding the verdict. However, the District did not move for a directed verdict at the close of all the evidence. Thus, since this prerequisite for its motion for judgment notwithstanding the verdict was not satisfied, *Ross v. Arrow Manufacturing Co.,* 134 Colo. 530, 307 P.2d 196 (1957), we are foreclosed from reviewing the issue of defendant's liability. C.R. C.P. 50(b).

The District also asserts that the damages awarded by the jury had no basis in the evidence or the law and were based wholly on speculation or prejudice. However, there was evidence concerning plaintiffs' out-of-pocket loss, and the District did not object to an instruction which permitted the jury to consider "the nature and extent of the loss of employment, impairment of earning capacity, damage to reputation in the community, and anxiety endured . . . ." A review of the record on the issue of damages reveals sufficient evidence on which the jury's award under this instruction could be based. *See Wales v. Howard,* 164 Colo. 167, 433 P.2d 493 (1967).

The judgment is affirmed.

BERMAN and VAN CISE, JJ., concur.