Ruth CHACON, Gloria Gonzalez, et al., individually and as representatives of all persons similarly situated, Plaintiffs,

v.

Cecelia ZAHORKA, Executive Director of the Housing Authority of the County of Montezuma, Colorado; Richard J. Korberly, Roy Henneman, Floyd Ray, Harvey Young, Robert Maynes, all members of the Housing Authority of the County of Montezuma, Colorado; and, the Housing Authority of the County of Montezuma, Colorado, Defendants.

Civ. A. No. 86–K–2569.

United States District Court,
D. Colorado.

July 1, 1987.

Glenn Meyers, Colorado Rural Legal Services, Inc., Denver, Colo., for plaintiffs.

Robert M. Ferm, Christopher Cipoletti, Hall & Evans, Denver, Colo., Stanley M. Morris, Cortez, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This civil rights case is before me on plaintiffs' motion for class certification, defendants' two motions to dismiss, and, a third-party motion to intervene as a party plaintiff.

## I.

### BACKGROUND

Ruth Chacon and Gloria Gonzalez, the named plaintiffs, are Hispanic citizens of the United States, and residents of Montezuma County, Colorado. Defendant, Housing Authority of the County of Montezuma, Colorado, ("HACM"), is a Colorado State agency created for the purpose of providing safe and sanitary housing accommodations for low-income families. Defendant Cecelia Zahorka is the Executive Director of HACM and is responsible for its administration and its admission policies and procedures. The remaining defendants are all members of the Board of Directors of HACM. All defendants have certain duties and powers conferred pursuant to the Colo-

rado Housing Authorities Law.[1] Therefore all defendants are state actors acting under color of state law.

Jurisdiction is asserted under a plethora of federal statutes.[2] Defendants contend, however, that pursuant to 42 U.S.C. § 3610(d) I should decline exercising jurisdiction over this matter because concurrent jurisdiction exists and there is an adequate state remedy. I will not, however, abstain from exercising jurisdiction.

## II.

### PLAINTIFFS' ALLEGATIONS

HACM administers three public housing programs: (1) a low rent public housing project; (2) an FMHA-financed, HUD-subsidized Section 8 new construction housing project; and, (3) a Section 8 existing housing rent-subsidy program. This complaint concerns the administration of the third program.

Plaintiffs applied for housing assistance from HACM and indicated a preference for participation in the Section 8 rent-subsidy program.[3] Plaintiffs claim that at the time of their applications, and all times thereafter, they qualified for dwellings under the Section 8 program and that such housing and rent subsidies were available. Cecelia Zahorka, however, informed plaintiffs no Section 8 rent-subsidy housing was available for them. Instead, Mrs. Zahorka offered plaintiffs units at the Hillside Apartments, a low-rent public housing project administered by HACM. According to plaintiffs, the Hillside Apartment Projects are generally less desirable than existing housing available in the private sector.

Plaintiffs charge, first, that defendants segregate Hispanics from Anglos within the Hillside Apartments and, second, that defendants had available Section 8 allocations but refused them to Hispanics in favor of Anglo families. Plaintiffs further charge Anglo families have been given and continue to be given preferred treatment with respect to participation in the Section 8 program as a result of the invidious discrimination against persons of Hispanic national origin. Plaintiffs claim Zahorka and the board members conspired to deprive plaintiffs, and other Hispanics similarly situated, of housing in violation of the United States Constitution and applicable federal law. Additionally, Zahorka is alleged to have made several statements which she knew or should have known would demean persons of Hispanic national origin.

## III.

### PENDING MOTIONS

A. *Plaintiffs' Motion for Class Certification*

Plaintiffs request class certification for all persons of Hispanic national origin who are, or have been, or continue to be, denied, passed over, or improperly delayed for consideration as participants in the Section 8 existing housing rent-subsidy program administered by defendants. Plaintiffs must satisfy all the prerequisites of Rule 23(a) and (b)(2) for constituting and continuing a class action.[4] Those prerequisites and

---

**1.** Colo.Rev.Stat. § 29–4–201, *et seq.* (1986)

**2.** Plaintiffs assert jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(1), (3), and (4); 42 U.S.C. §§ 3610(a), 3612(a) and (c); and 5 U.S.C. § 701, *et seq.*

**3.** The Section 8 rent-subsidy program provides rent subsidies from the government to low-income citizens who rent existing private dwellings (not public housing projects) which otherwise could not afford.

**4.** Rule 23(a), Fed.R.Civ.Proc., states in pertinent part:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b)(2) states:

An action may be maintained as a class action if the prerequisites of subdivision (a) [above] are satisfied, and in addition: ...

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final

plaintiffs' support of them are set forth below.

■ First, the proposed class must be so numerous that joinder of all members is impracticable. I am not satisfied that this numerosity requirement has been or can be met. Second, there must be questions of law or fact common to the class. The primary objective of the action is to ensure compliance with federal regulations and, if appropriate, grant compensatory and prospective relief from alleged racial discrimination. While a pattern and practice might be shown, compensatory relief would be better determined by proof of individual claims. Third, the claims of the representative parties must be typical of the claims of the class. If they have been denied, continue to be denied, or have been delayed, in receiving consideration for participation in the section 8 rent-subsidy program because of alleged ethnic discrimination, typicality can be established. Fourth, the representative parties must fairly and adequately protect the interests of the class since the type of injury is identical to all similarly situated Hispanics. Finally, if the allegations are true, defendants have acted or have refused to act on grounds generally applicable to the class, it would be appropriate to grant final injunctive relief or corresponding declaratory relief so that class certification would not be required. Accordingly, plaintiffs' motion for class certification is denied.

### B. Cynthia Gomez' Motion for Leave to Intervene as Party Plaintiff.

On March 25, 1987, Cynthia Gomez filed a motion for leave to intervene as party plaintiff. The motion is granted.

### C. Defendants' Motion to Dismiss for Failure to Name the Proper Party Defendant.

Defendants argue pursuant to Rule 17, Fed.R.Civ.Proc., that the party named in the complaint must be the real party in interest. Since the public entity defendant, "Montezuma County Housing Authority", is misnamed in the complaint, defendants

injunctive relief or corresponding declaratory

have moved for dismissal. Plaintiffs incorrectly have been referring to the defendant public entity as "Montezuma County Housing Authority" instead of its correct name: "Housing Authority of Montezuma County, Colorado." Rule 17 states:

> ... no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

In their response to the motion to dismiss, plaintiffs concede the name of the public entity as offered by defendants' counsel should be used in all further pleadings. Since the problem has been cured, the motion is denied.

All references to defendant public entity are to be made using its correct name "Housing Authority of the County of Montezuma, Colorado." Also, plaintiff has misspelled Cecelia Zahorka on many occasions by incorrectly referring to her as "Cecila" Zahorka. Plaintiff shall use the correct spelling in all further pleadings. The pleadings are deemed amended to reflect the correct naming of the parties.

### D. Defendants' Motion to Dismiss for Failure to Comply with the Notice Provisions of Colo.Rev.Stat. § 24–10–109(2) (Cumm.Supp.1986).

Defendant argues any claim filed against a public entity in the State of Colorado is subject to the notice provisions of Colo.Rev.Stat. § 24–10–109 (Cumm.Supp. 1986) which requires "any person suffering an injury by a public entity or employee thereof shall file a written notice." The notice shall be sent within 180 days of discovery of the injury and contain those items specified in the statute: (a) the name and address of the complainant and the name and address of his attorney, if any;

relief with respect to the class as a whole, ...

(2) a concise statement of the basis of the complaint, including date, time, place, and circumstances of the act or omission or event complained of; (c) the name and address of any public employee involved if known; (d) a concise statement of the nature of the extent of the injury claimed to have been suffered; and (e) a statement of the amount of monetary damages that is being requested.

Compliance with the notice provisions of the governmental immunity article is a condition precedent to the commencement of a state action against a public entity. *Antonopoulous v. Town of Telluride,* 187 Colo. 392, 532 P.2d 346 (1975). *Fritz v. Regents of the University of Colorado,* 196 Colo. 335, 586 P.2d 23 (1978). Failure to file written notice is a complete defense of any action brought by any injured party against those who fall within this article. *Roberts v. City of Boulder,* 197 Colo. 97, 589 P.2d 934 (1979).

■ Plaintiffs admit no notice was ever given. They assert, however, their action is not subject to the notice provisions of the statute because it is a federal civil rights case. I have held notice of a claim is not required in a federal civil rights case. *Miami International Realty v. Town of Mt. Crested Butte,* 579 F.Supp. 68, 77 (D.Colo. 1984) ("[this] is not a diversity case requiring the application of substantive state law, furthermore, to require notice of a claim as a condition precedent of suit would unduly interfere with the federal action"). Here, as in *Miami International Realty, supra,* plaintiffs' action is based upon federal constitutional and statutory claims. The Colorado Court of Appeals in *Mucci v. Falcon School District No. 49,* 655 P.2d 422 (1982), considering the applicability of the Colorado Governmental Immunity Act to a lawsuit based upon alleged violations of 42 U.S.C. § 1983, stated:

[C]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 ... cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise. [Citations omitted]. While [it is correct] that § 1983 actions are governed by state statutes of limitations [citations omitted], the applicable state statute of limitations is 13–80–106 [5], C.R.S., 1973 [citations omitted] and not the time limit found in the GIA [Governmental Immunity Act, Colo.Rev.Stat. § 24–10–109 (Cumm.Supp.1986) ].

*Id.* at 424.

Defendants' assertion that Colo.Rev.Stat. § 24–10–109 (Cumm.Supp.1986) bars this action is without merit. While the notice provisions of the Colorado Governmental Immunity Act do not apply, the two-year statute of limitations for actions based upon liability created by federal statutes is applicable. *See* Colo.Rev.Stat. § 13–80–102(g), which states in pertinent part:

The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within two years after the cause of action accrues, and not thereafter:

... (g) All actions upon which liability created by a federal statute where no period of limitation is provided in said federal statute.

IT IS THEREFORE ORDERED THAT:

1. Plaintiffs' motion for class certification is denied.

2. Intervenor Cynthia Gomez' motion for leave to intervene was granted on April 13, 1987. That order is reiterated.

3. Defendant's motion to dismiss based upon the failure to name the real party in

---

5. Former Colo.Rev.Stat. § 13–80–106 (1973) was held to apply to federal discrimination cases. *See McKinney v. Armco Recreational Products., Inc.,* 419 F.Supp. 464 (D.Colo.1976). Former Section 13–80–106 stated, similar to current section 13–80–102, that:

All actions upon a liability created by a federal statute, other than for a forfeiture or penal-

ty for which actions no period of limitations is provided in such statute, shall be commenced within two years or the period specified for comparable actions arising under Colorado law, whichever is longer, after the cause of action accrues.

interest is denied. Defendant public entity shall be referred to as "Housing Authority for the County of Montezuma, Colorado" instead of the "Montezuma County Housing Authority" and the Executive Director of HACM shall be referred to as "Cecelia Zahorka", not "Cecilia", in all further pleadings.

4. Defendants' motion to dismiss for failure to comply with the notice provisions of the Colo.Rev.Stat. § 24–10–109 (Cumm. Supp.1986) is denied.