**Bernadette BAUMAN, Marion Smith, and Antoinette Stajduhar, Plaintiffs–Appellants,**

**v.**

**COLORADO DEPARTMENT OF HEALTH, and Mildred Simmons, Defendants–Appellees.**

**No. 91CA1528.**

Colorado Court of Appeals, Div. V.

Jan. 28, 1993.

Rehearing Denied March 11, 1993.

Certiorari Denied Sept. 7, 1993.

**500**

Vonda G. Hall, Denver, for plaintiffs-appellants.

Hall & Evans, David R. Brougham, Denver, for defendant-appellee Colorado Dept. of Health.

Wood, Ris & Hames, P.C., F. Michael Ludwig, Denver, for defendant-appellee Mildred Simmons.

Opinion by Judge JONES.

Plaintiffs, Bernadette Bauman, Marion Smith, and Antoinette Stajduhar, appeal from the judgment dismissing their complaint against defendants, the Colorado Department of Health and Mildred Simmons, the Director of the Department's Division of Health Facilities, because plaintiffs failed to comply with the notice provisions of the Colorado Governmental Immunity Act. We affirm in part and reverse in part.

The complaint alleged that plaintiffs had been employed by the Department and that Simmons had been their supervisor. It further alleged that plaintiffs were forced into early retirement as a result of unlawful age discrimination in violation of state and federal anti-discrimination laws.

Specifically, Bauman asserted that she was forced to retire and was denied advancement prior to her retirement because of her age. She was 66 years old at retirement. Smith, who was 63 years old at retirement, claimed that she was forced to retire because of her age. Stajduhar, age 65 years at retirement, alleged that she was forced to retire and that, prior to retirement, was given a reassignment of duties which amounted to a demotion, all because of her age.

Pursuant to C.R.C.P. 12(b)(1) and (5), defendants filed a motion to dismiss the complaint, urging that all of plaintiffs' claims were jurisdictionally barred because they had failed to provide a notice of claim in compliance with § 24–10–109, C.R.S. (1988 Repl.Vol. 10A). The motion also requested the trial court to consider an affidavit and to treat the motion as one for summary judgment.

Plaintiffs filed a response, supported by an affidavit, in which they asserted that they had substantially complied with the notice provisions by providing defendants with copies of the charges filed with the Colorado Civil Rights Division and the Equal Employment Opportunity Commission. Relying on the United States Supreme Court's decision in *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), they further asserted that failure to comply with a state notice requirement does not act as a bar to federal claims.

Defendants filed a reply, urging that the *Felder* ruling not apply because of the language of § 24–10–119, C.R.S. (1988 Repl. Vol. 10A) which extended the notice requirement to federal claims. The trial court agreed. The court also determined that the copies of charges which plaintiffs provided to defendants did not comply with the notice requirements of § 24–10–109. Therefore, the trial court dismissed the complaint.

## I.

■ With respect to their claims under state law, plaintiffs' sole contention is that the copies of charges provided to the Department substantially complied with the notice provisions of the Governmental Immunity Act. We disagree.

Section 24–10–109(1), C.R.S. (1988 Repl. Vol. 10A) requires any person claiming to have suffered an injury by a public entity or by an employee thereof to file notice of the claim within 180 days after the discovery of the injury. Further, § 24–10–109(3), C.R.S. (1988 Repl.Vol. 10A) provides that the notice *shall* be filed with the attorney general if the claim is against the state or an employee thereof.

■ Compliance with these mandatory provisions was made a jurisdictional prerequisite to any action brought under the provisions of the Act. *See Aetna Casualty & Surety Co. v. Denver School District No. 1*, 787 P.2d 206 (Colo.App.1989).

Plaintiffs point to the language in *Woodsmall v. Regional Transportation District*, 800 P.2d 63 (Colo.1990), in which our supreme court interpreted the term "compliance" to mean "substantial compliance," which it defined as a degree of compliance that was "considerably more than minimal, but less than absolute." However, the alleged lack of compliance in *Woodsmall* dealt with the contents of a timely notice, a copy of which had been sent to the entity's counsel as required by § 24–10–109(3). *See East Lakewood Sanitation District v. District Court*, 842 P.2d 233 (Colo.1992).

Here, the record does not reveal when the documents purporting to constitute notice were mailed to the Department. Therefore, we are unable to determine whether the purported notice was timely. However, it was undisputed that the copies of documents upon which plaintiffs rely as notices of claim were mailed to the Department of Health, and not to the Attorney General as required by § 24–10–109(3). Thus, plaintiffs failed to meet their burden of demonstrating that the trial court had jurisdiction over the subject matter of their state-law claims. *See East Lakewood Sanitation District v. District Court, supra; Aetna Casualty & Surety Co. v. Denver School District No. 1, supra.*

Accordingly, we conclude that the trial court was correct in its determination that plaintiffs' mailing of documents to the Department did not amount to substantial compliance with § 24–10–109.

## II.

■ Plaintiffs also contend that the trial court erred in concluding that the notice provisions of § 24–10–109, C.R.S. (1988 Repl.Vol. 10A) operated as a bar to their federal claims. In support of this contention, plaintiffs again assert that the rule announced in *Felder v. Casey, supra*, preempted the General Assembly from adopting notice requirements which are inconsistent with federal law. They further rely upon the holdings in *Chacon v. Zahorka*, 663 F.Supp. 90 (D.Colo.1987) (notice of claim is not required in federal civil rights case); and *Mucci v. Falcon School District No. 49*, 655 P.2d 422 (Colo.App.1982) (federal civil rights claims are not barred by plaintiffs' failure to comply with notice provisions of Governmental Immunity Act).

In support of the judgment, however, defendants argue that *Chacon v. Zahorka, supra*, and *Mucci v. Falcon School District #49, supra*, have no current precedential value because those cases were decided under the pre–1986 version of § 24–10–109. Defendants also argue that the 1986 amendments to the Governmental Immunity Act made compliance with the notice requirement a jurisdictional prerequisite to any tort action against a public entity, including any claim brought pursuant to any federal law. *See* §§ 24–10–109 and 24–10–119, C.R.S. (1988 Repl.Vol. 10A).

Finally, citing *Boulder Valley School District R–2 v. Price*, 805 P.2d 1085 (Colo. 1991), defendants argue that, because the notice requirement applies equally to federal and state claims, § 24–10–109 is a valid jurisdictional limitation on the ability of Colorado courts to hear plaintiffs' federal claims. We are not persuaded.

In *Felder v. Casey, supra,* the United States Supreme Court reviewed a decision by the supreme court of Wisconsin which had held that a state notice of claim statute was applicable to federal civil rights actions brought in state court under 42 U.S.C. § 1983. In reversing the Wisconsin decision, the court held that, although states may establish rules of procedure governing litigation in their own courts, when state courts entertain a federally created cause of action, the federal claim cannot be defeated by forms of local practice. The court concluded that, because the state notice of claim statute conflicted with the remedial objectives of § 1983, the state law was pre-empted when the § 1983 action was brought in a state court.

The *Felder* ruling was cited with approval by the U.S. Supreme Court in *Howlett v. Rose,* 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). In that case, the Court held that a state law defense of sovereign immunity could not be asserted against a claim arising under 42 U.S.C. § 1983 which had been brought in state court. In rejecting contentions that the defense should apply, the Court stated:

> The fact that a rule is denominated jurisdictional does not provide a [state] court an excuse to avoid the obligation to enforce federal law. . . .
>
> The force of the Supremacy Clause is not so weak that it can be evaded by mere mention of the word 'jurisdiction.' Indeed, if this argument had merit, [a state] could overrule our decision in *Felder v. Casey* . . . by simply amending its notice of claims statute to provide that no state court would have jurisdiction of an action in which the plaintiff failed to give the required notice. The Supremacy Clause requires more than that.

Even if we were to agree that *Chacon v. Zahorka, supra,* and *Mucci v. Falcon School District #49, supra,* no longer have precedential value because of the 1986 amendments to the Governmental Immunity Act, we consider the rulings in *Felder* and *Howlett* to be dispositive of the parties' arguments. In summary, to apply the state jurisdictional notice requirement to plaintiffs' federal claims would run counter to the Supremacy Clause as construed in *Felder* and *Howlett.*

Finally, contrary to defendants' contention, we do not consider the analysis in *Boulder Valley School District v. Price, supra,* to furnish any support for their contention here. In that case, our supreme court held that state courts may determine the burden of proof applicable to an award of punitive damages under 42 U.S.C. § 1983. The issue here, however, is the validity of a statutory notice requirement, and we read *Felder* and *Howlett* as precluding application of that requirement to claims based upon federal law. Thus, we conclude that the trial court erred in holding that the notice requirements of § 24–10–109 operated as a bar to plaintiffs' federal claims.

That part of the judgment dismissing plaintiffs' state law claims is affirmed. That part of the judgment dismissing plaintiffs' federal claims is reversed, and the cause is remanded to the trial court for entry of an order reinstating plaintiffs' federal claims and for further proceedings consistent with the views expressed in this opinion.

HUME and MARQUEZ, JJ., concur.