**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

ESPERANZA VILLALPANDO, on behalf of
deceased Jesus Villalpando, and as the personal
representative of the estate of Jesus Villalpando,

    Plaintiff-Appellant,

v.

DENVER HEALTH AND HOSPITAL
AUTHORITY,

    Defendant-Appellee.

and

CITY OF DENVER; SIMON SHAKUR, Dr.,
individually and as agent for the City of Denver
& Denver Health and Hospital Authority; PAUL
SURI, Dr., individually and as agent for the City
of Denver and Denver Health & Hospital
Authority; KATHY THIGPEN, Dr., individually
and as agent for the City of Denver and Denver
Health & Hospital Authority; CARROLL, Dr.,
individually and as agent for the City of Denver
and Denver Health & Hospital Authority, and
unnamed defendants yet to be determined,

    Defendants.

No. 01-1450
(Colo.)
(D.Ct. No. 00-B-1737)

_____

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Peter J. Schaffer of Smith & Schaffer, P.C., Denver, Colorado, for Plaintiff-Appellant.

Elizabeth C. Moran of Pryor Johnson Montoya Carney & Karr, P.C., Englewood, Colorado, for Defendant-Appellee.

_____

Before **HENRY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **LUCERO**, Circuit Judge.

_____

This is an appeal from the district court's dismissal of Esperanza Villalpando's claims against Denver Health and Hospital Authority ("Hospital Authority"). Esperanza Villalpando, on behalf of her deceased husband, Jesus Villalpando, and as personal representative of Mr. Villalpando's estate, brought two 42 U.S.C. § 1983 claims in United States District Court for the District of Colorado alleging the Hospital Authority violated Mr. Villalpando's constitutional rights. Mrs. Villalpando also brought various state law claims.

All Mrs. Villalpando's claims are based on her belief Mr. Villalpando would not have died of a heart attack if he had received proper treatment from the Hospital Authority. According to the complaint, Mr. Villalpando visited the hospital and its doctors on numerous occasions, but the procedures and medication they prescribed did not improve his heart condition. Mr. Villalpando complained he felt worse after treatment. In spite of this, Denver Health and Hospital Authority doctors did not recommend bypass surgery and refused to

-2-

certify he was disabled for Social Security purposes. Ultimately, Mr. Villalpando suffered a fatal heart attack, which the complaint asserts would not have occurred if the Hospital Authority and its employees had provided adequate treatment. Mrs. Villalpando originally brought suit against a number of defendants, including the City of Denver and various health care workers. This appeal, however, concerns only the Hospital Authority.

In response to Mrs. Villalpando's complaint, the Hospital Authority filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). It argued the § 1983 claims should be dismissed because Mrs. Villalpando's allegations of negligence and medical malpractice did not amount to a federal constitutional violation. In addition, the Hospital Authority asked the court to dismiss the state law claims because Mrs. Villalpando did not comply with Colorado Revised Statute § 24-10-109(3) requiring her to provide written notice of Mr. Villalpando's injuries to the Hospital Authority's governing board or attorney within 180 days of the injury.

The district court purportedly granted summary judgment on Mrs. Villalpando's 42 U.S.C. § 1983 claims and her state law claims. The court held the first § 1983 claim failed because it was improperly based on allegations the

Hospital Authority was responsible for the actions of its employees under a respondeat superior theory. The court dismissed the second § 1983 claim after concluding Mrs. Villalpando's allegations amounted only to a medical malpractice tort claim. The district court also dismissed Mrs. Villalpando's state law claims because "the [Colorado] statutory notice requirements were not met."

In reviewing the Hospital Authority's motion to dismiss, the district court noted both the Hospital Authority and Mrs. Villalpando appended documents to their legal memoranda. The parties appended the documents to show whether Mrs. Villalpando had met Colorado's notice requirements. Consequently, the district court converted the Hospital Authority's motion to dismiss to a motion for summary judgment.

After the district court summarily dismissed her motion to reconsider, Mrs. Villalpando filed this appeal. She requests we reverse the district courts ruling based on three perceived errors. First, she asserts "the District Court erred in determining that [she] did not allege a constitutional violation in support of her 42 U.S.C. § 1983 Claim for Relief." Second, Mrs. Villalpando argues "the District Court erred in determining Mrs. Villalpando did not strictly comply with [Colorado's statutory] notice requirements." Third, she believes "the District

Court erred in converting [the Hospital Authority's] motion to dismiss into a motion for summary judgment without giving [Mrs. Villalpando] notice of its intention to do so."

**<u>DISCUSSION</u>**

We exercise jurisdiction under 28 U.S.C. § 1291 and affirm in part and reverse in part. We will first address Mrs. Villalpando's 42 U.S.C. § 1983 claims and then address her state law claims.

**I.      42 U.S.C. § 1983 Claims**

Mrs. Villalpando argues "the District Court erred in determining [she] failed to allege a constitutional violation in support of her 42 U.S.C. § 1983 claim against [the Hospital Authority]." Mrs. Villalpando's complaint contains two § 1983 claims for relief. The district court dismissed both claims. While Mrs. Villalpando repeatedly refers only to her "§ 1983 claim" or "cause of action," she apparently disagrees with the district court's ruling on both of the § 1983 claims.

Before we can consider the substance of the §1983 claims, we must first consider an argument Mrs. Villalpando raises concerning the appropriate standard of review. She asserts "it is unclear from the District Court's Order what

-5-

standard the court applied to [these claims]." She believes we should apply "the standard for determining the merits of a 12(b)(6) motion" because the district court relied solely on the pleadings in ruling on the § 1983 claims. The Hospital Authority agrees the district court did not consider any material outside the complaint in ruling on the § 1983 motions.

After reviewing the district court order, we conclude the standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)6 applies. In ruling on each of the §1983 claims, the court specifically stated it was granting "summary judgment." "However, an opinion's plain language does not always mirror its plain logic." *Maldonado v. Dominguez*, 137 F.3d 1, 6 (1st Cir. 1998). If we "look[] past the terminology employed by the court" in this case, we discover "an opinion illustrating the legal insufficiency of the pleadings for each" § 1983 claim. *Id.* We will, therefore, consider whether the complaint has allegations sufficient to support the § 1983 claims.

The legal sufficiency of a complaint is a question of law we review de novo. *Wark v. United States*, 269 F.3d 1185, 1190 (10th Cir. 2001) (citation omitted). Our "'function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's

complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). Under this standard, we conclude the district court properly dismissed both 42 U.S.C. § 1983 claims.

The first § 1983 claim alleged Mr. Villalpando's "wrongful death occurred under the care and supervision of" several doctors acting "as agents for ... the Hospital Authority." The complaint states the doctors "fail[ed] to provide adequate medical attention to [Mr.] Villalpando" and consequently deprived him of his "right to life," "right to freedom for physical abuse and death," and "right to continuation of the family relationship." The district court rejected this claim concluding the Hospital Authority could not be liable for its employees' acts under a respondeat superior theory. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). We wholeheartedly agree with the district court's analysis on this point.

On appeal, Mrs. Villalpando argues the district court "misread" the complaint. She now claims she did not raise a respondeat superior theory.

Instead, she asserts the Hospital Authority "may be held liable for actions of its employees conducted in furtherance of [the Hospital Authority's] customs, policies or uses" pursuant to *Monell*. Rather than relying on allegations contained in her first § 1983 claim, she directs us to allegations in her second § 1983 claim to show she believes the doctors' actions were the "consequence of the execution of the official policies, customs, or usage of [the Hospital Authority]." Mrs. Villalpando's belated attempt to salvage her first § 1983 claim by using her appellate brief to direct us to another claim in her complaint fails. The first claim in her complaint did not incorporate the portion of her complaint discussing the existence of an official policy or custom. Thus, Mrs. Villalpando is not entitled to relief on her first claim. Even were we to allow Mrs. Villalpando's attempt on appeal to rewrite her complaint, we would still dismiss this claim for the same reasons we dismiss her second § 1983 claim.

Mrs. Villalpando's second § 1983 claim alleges the Hospital Authority's "customs, policies, and procedures regarding the administration of proper medical attention" caused the death of Mr. Villalpando and "represent a deliberate indifference to the constitutional rights and liberties of persons utilizing the facilities of [the hospital]." Specifically, Mrs. Villalpando argues the Hospital Authority had "a policy of providing inadequate medical attention to all of its"

patients and condoning or encouraging discrimination in treatment based on economic status.Again, Mrs. Villalpando asserts these actions deprived Mr. Villalpando of his "right to life," "right to freedom from physical abuse and death," and "right to continuation of the family relationship."

The district court dismissed this claim holding "Mrs. Villalpando's claim is negligence, and mere negligence is not a tort of constitutional dimension." The court noted, while ordinary negligence is generally not actionable under § 1983, deliberate indifference to a prisoner's medical needs is a Constitutional violation redressable under § 1983. Assuming this same deliberate indifference standard applied to ordinary citizens, the district court held Mrs. Villalpando's complaint did not allege deliberate indifference because Mrs. Villalpando acknowledged her husband had received some treatment. Therefore, the district court concluded Mrs. Villalpando's claim was for inadequate medical treatment rather than for a constitutional violation actionable under § 1983.

To state a claim under 42 U.S.C. § 1983, Mrs. Villalpando must allege the Hospital Authority, acting under color of law, deprived Mr. Villalpando of "rights, privileges, or immunities secured by the Constitution" or other federal law. 42 U.S.C. § 1983. An entity like the Hospital Authority may be responsible

for the unconstitutional act of an employee if "the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution." *Camfield v. City of Okla. City*, 248 F.3d 1214, 1229 (10th Cir. 2001) (quotation marks and citation omitted). The Hospital Authority may not be held liable for its policies or customs under § 1983 unless there is an underlying constitutional violation by its employees or agents. *See Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995).

Here, Mrs. Villalpando asserts the Hospital Authority violated Mr. Villalpando's constitutional rights, including his right to life, by "failing to provide adequate medical attention." She argues there is "a substantive due process right to adequate medical care, and a complementary cause of action under 42 U.S.C. § 1983 for those deprived of this right." She believes the Hospital Authority deprived Mr. Villalpando of his right to adequate medical care by its "total disregard of [his] serious medical condition." Our own research, however, convinces us there is no categorical constitutional right to adequate medical care.

"The Due Process Clause does protect an interest in life. It does not follow, however, that the state necessarily has a constitutional duty to take

-10-

affirmative steps to preserve life." *Johnson ex. rel. Johnson v. Thompson*, 971 F.2d 1487, 1495 (10th Cir. 1992) (citations omitted). *See also DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989) (holding the Due Process "Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimum levels of safety and security.... [I]ts language cannot fairly be extended to impose an affirmative obligation on the State to ensure that [constitutional] interests do not come to harm through other means."). The Tenth Circuit recognizes a constitutional right to adequate medical treatment only in "narrow circumstances" – "when the State takes a person into its custody and holds him there against his will." *Johnson*, 971 F.2d at 1496. We have specifically refused to expand this right to the circumstance when an unconfined plaintiff voluntarily availed himself of medical services. *Id.* (holding infants born with spina bifida do not have a substantive due process right to adequate medical treatment). In cases where the unconfined plaintiff voluntarily seeks medical treatment, "'negligent or even wilfully indifferent or reckless [conduct does not] take on the added character of violations of the federal Constitution.'" *Id.* (quoting *Monahan v. Dorchester Counseling Ctr., Inc.*, 961 F.2d 987, 993 (1st Cir. 1992)).[1]

_____

[1] Mrs. Villalpando also directs our attention to an unpublished Sixth Circuit opinion, *Drew v. University of Tennessee Regional Medical Center Hospital*, No. 99-5070, 2000 WL 572064 (6th Cir. May 1, 2000). In *Drew*, the Sixth Circuit suggests a

Mrs. Villalpando's complaint indicates her husband voluntarily sought medical care from the doctors at the Hospital Authority.  Mr. Villalpando was, at all times, free to discontinue his treatment at the Hospital Authority and seek treatment elsewhere.  Therefore, the state had no constitutional duty to take affirmative steps to protect his life.  *See Johnson*, 971 F.2d at 1495.  Mr. Villalpando had no constitutional right to adequate medical care.  It does not matter whether the Hospital Authority acted with negligence, gross negligence, or deliberate indifference, the Hospital Authority and its doctors did not violate Mr. Villalpando's constitutional rights.  *See id.* at 1496.  Because there was no violation of constitutional rights, the § 1983 claims fail.  *See Thompson*, 58 F.3d at 1517.  We accordingly affirm the district court's dismissal of these claims.

## II.    State Law Claims[2]

Since Mrs. Villalpando's § 1983 claims were properly dismissed, her state

---

medical malpractice claim brought by an ordinary hospital patient might amount to a constitutional due process violation if the conduct is so egregious it shocks the conscience. *Id*. at * 2.  The opinion contains little analysis on the issue and would be of little precedential value even in the Sixth Circuit. *See* 6th Cir. R. 28(g).  Furthermore, we are bound to follow our contrary holding in *Johnson*, 971 F.2d at 1495-096. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993).

[2] Mrs. Villalpando's complaint contains five state law claims:  (1) wrongful death; (2) negligence; (3) negligent hiring, training and retention; (4) negligent infliction of emotional distress; and (5) breach of contract/detrimental reliance.

law claims are no longer supplemental to any federal question claim. We conclude the district court should have declined to exercise supplemental jurisdiction over the state law claims.

We review a district court's decision to exercise supplemental jurisdiction over state law claims for abuse of discretion. *See Gold v. Local 7 United Food & Commercial Workers Union*, 159 F.3d 1307, 1310 (10th Cir. 1998). By statute, federal district courts have supplemental jurisdiction over state law claims that are part of the "same case or controversy" as federal claims. 28 U.S.C. § 1367(a). "[W]hen a district court dismisses the federal claims, leaving only supplemented state claims, the most common response has been to dismiss the state claim or claims without prejudice." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (quotation marks, alterations, and citation omitted). *See also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."). When "the parties have already expended a great deal of time and energy on the state law claims," it is appropriate for the "district court to retain supplemented state claims after dismissing all federal questions." *Botefuhr*, 309 F.3d at 1273. If, however, the parties have not shown they have spent a great deal of time on the state law claims, the "district court

should normally dismiss supplemental state law claims after all federal claims are dismissed ... before trial." *Id.* Courts should be cautious when exercising supplemental jurisdiction over state law claims because "'[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (quoting *Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)).

In this case, there was no compelling reason for the district court to retain jurisdiction over the state law claims after dismissing the § 1983 claims. At the time the district court dismissed the state law claims, neither the parties nor the district court had expended a great deal of time or energy. The district court dismissed the state law claims on summary judgment after considering a motion originally styled as one to dismiss for failure to state a claim; there was little, if any, discovery.

Furthermore, there is a compelling reason to let the Colorado state courts resolve these claims. The district court's ruling was based on its determination Mrs. Villalpando had not given the Hospital Authority's board or attorney notice of her claims as required under Colorado statute. *See* Colo. Rev. Stat. § 24-10-

109(3). The parties disagree as to who bears the burden of proof on this issue. Colorado courts originally required the plaintiff to prove this notice requirement was satisfied under the theory that it was jurisdictional in nature. *See, e.g., Bauman v. Colo. Dep't of Health*, 857 P.2d 499, 501 (Colo. Ct. App. 1993); *Aetna Cas. & Sur. Co. v. Denver Sch. Dist. No. 1*, 787 P.2d 206, 207 (Colo. Ct. App. 1989). Although the Colorado Supreme Court has since held the notice requirement is not jurisdictional, *see Brock v. Nyland*, 955 P.2d 1037, 1044 (Colo. 1998) (en banc); *Regional Transp. Dist. v. Lopez*, 916 P.2d 1187, 1193-94 (Colo. 1996), that court has not directly addressed which party has the burden to prove compliance or noncompliance with this notice requirement, s*ee Brock,* 955 P.2d at 1039 n.1, 1044. "Where a state law ... is thus in a process of current evolution, it is particularly appropriate for the federal courts to leave the continuing development of ... that [law] to the state courts." *Ball*, 54 F.3d at 669.

Accordingly, we conclude the district court abused its discretion in retaining supplemental jurisdiction over the state law claims. We express no opinion on whether Mrs. Villalpando met the statutory notice requirements for her state law claims. We simply reverse the summary judgment entered by the district court on the state law claims, and we remand the claims with instructions to dismiss them without prejudice. Mrs. Villalpando will remain free to pursue her

state law claims in Colorado state courts.[3]

## CONCLUSION

We **AFFIRM** the district court's dismissal of Mrs. Villalpando's 42 U.S.C. § 1983 claims. We **REVERSE** the grant of summary judgment on her state law claims, and we **REMAND** the state law claims to the district court with instructions to dismiss them without prejudice. Appellant's motion for leave to file a supplemental brief is granted.

                                          **Entered by the Court:**

                                          **WADE BRORBY**
                                          United States Circuit Judge

---

[3] In addition to the arguments already addressed, Mrs. Villalpando also argues "the district court erred by converting [the Hospital Authority's] motion to dismiss into a motion for summary judgment with out notifying Mrs. Villalpando of its intention to do so." Mrs. Villalpando claims if the district court had given proper notice she would have conducted limited discovery on her state law claims. Because we reverse the district court's grant of summary judgment on other grounds, we need not address this argument.